UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CIV-ZLOCH**

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

**00-6190**

Plaintiffs,

Civil Action No.:

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, NETWORK STAFFING SERVICES, INC., ("NETWORK"), by and through its undersigned counsel, requests that the above-entitled action be removed from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332 and 1141 et. seq., and in support thereof would respectfully show:

1.      Copies of Plaintiffs' Summons and Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99022204, are attached as Exhibits "A" and "B" to this Notice of Removal.

2.      The Complaint is the only pleading that has been filed in the state court. The state court has scheduled no hearings or other proceedings.

3.      Defendant has been served. Defendant contests the existence of personal jurisdiction and venue, and this removal request is made without prejudice to those defenses which will be asserted by way of motion to dismiss.



4.    Defendant was served on January 13, 2000. This Notice of Removal is therefore filed within the 30 days set forth in 28 U.S.C. §1446(b).

5.    The Plaintiffs' Complaint correctly asserts that Plaintiffs are residents of the State of Florida, and that Defendant is a corporation organized and existing under and by virtue of the laws of the State of Texas. (See paragraphs 3 and 5 of Plaintiff's Complaint, Exhibit "B" hereto).

6.    Defendant is a Texas corporation having its principal place of business in the State of Texas. (See accompanying Declaration of Michael P. Logal). Accordingly, Defendant is citizen of Texas, and diversity of this action exists for purposes of 28 U.S.C. § 1332.

7.    The amount in controversy in the subject action exceeds the sum of $75,000.00, exclusive of interest and costs. Specifically, and with respect to the amount in controversy, the stock which is at issue has a value substantially in excess of $75,000.00. (See accompanying Declaration of Theodore W. Daniel, paragraph 3 of Plaintiffs' Original Complaint attached as Exhibit "A" thereto).

WHEREFORE, Defendant petitions the court to proceed with this action properly removed to this court.

ALEXANDER S. DOUGLAS II, ESQ.
Florida Bar No.: 817422
DAVID J. KOHS, ESQ.
Florida Bar No.: 705543
POHL & SHORT, P.A.
280 West Canton Avenue, Suite 410
Winter Park, Florida 32789
Phone: (407) 647-7645
Fax: (407) 647-2314
Attorneys for Defendant

F:\DATA\2278\003\docs\Notice of Removal.doc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent, via U.S. Mail, to: **Jan Douglas Atlas, Esq.**, Atlas, Pearlman, Trop & Dorkson, New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, FL  33301; this _____ day of February, 2000.

_____
ALEXANDER S. DOUGLAS II, ESQ.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

STASAN MARKETING, INC., a Florida corporation, RICHARD BLUMBERG and ESTELLE BLUMBERG,

       Plaintiffs,

99022204

vs.

18

NETWORK STAFFING SERVICES, INC., a Texas corporation,

       Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant

        NETWORK STAFFING SERVICES, INC.

By Serving its Registered Agent:  MICHAEL LOGAL
                         4801 Spring Valley
                         Suite 115-B
                         Dallas, TX 75211

    Defendant is required to serve written defenses to the Complaint on SAMANTHA N. TESSER, ESQ., Plaintiff's attorney, whose address is ATLAS, PEARLMAN, TROP & BORKSON, P.A., Suite 1700, 350 East Las Olas Boulevard, Fort Lauderdale, Florida

6105-0200 263942.1

**EXHIBIT "A"**

33301, within 20 days after service of this Summons on that Defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Defendant's attorney or immediately thereafter.  If Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

WITNESS my hand and the Seal of said Court.    DEC 3 0 1999

ROBERT E. LOCKWOOD
As Clerk of the Court

By: _____

VALERIE FORD

As Deputy Clerk

A TRUE COPY
Circuit Court Seal



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

99022204

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

       Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

       Defendant.

_____/

## **COMPLAINT**

Plaintiffs STASAN MARKETING, INC., a Florida corporation, RICHARD

BLUMBERG and ESTELLE BLUMBERG (collectively, the "Plaintiffs"), sue Defendant

NETWORK STAFFING SERVICES, INC., a Texas corporation, and allege as follows:

1.    This is an action for declaratory relief and specific relief pursuant to Section

607.1604(2) Florida Statutes, and is otherwise within the jurisdiction of this Court.

2.    Plaintiff STASAN MARKETING, INC. ("STASAN"), is a corporation organized

and existing under and by virtue of the laws of the State of Florida with its principal place

of business located in Broward County, Florida.

3.    Plaintiffs RICHARD BLUMBERG ("RICHARD") and ESTELLE BLUMBERG

("ESTELLE") (collectively, the "BLUMBERGS") are residents of Broward County, Florida

and are otherwise sui juris.

6105-0200 261693.1

**EXHIBIT "B"**

ATLAS PEARLMAN
TROP & BORKSON
A T T O R N E Y S   A T   L A W

4.      ESTELLE is the President and Chief Executive Officer of STASAN.

5.      NETWORK STAFFING SERVICES, INC. ("NSSI"), is a corporation organized and existing under and by virtue of the laws of the State of Texas that is authorized to do business in Florida with its registered agent located in Fort Lauderdale, Broward County, Florida.

6.      STASAN is a shareholder of NSSI and owns three hundred (300) shares of NSSI. A true and correct copy of STASAN's Stock Certificate is attached hereto as Exhibit "A."

7.      On or about October 7, 1999, ESTELLE, on behalf of STASAN, made demand upon NSSI pursuant to Section 2.44 of the Texas Business Corporation Act, to inspect and copy the books and records of NSSI. A true and correct copy of the demand letter (the "Demand") is attached hereto as Exhibit "B."

8.      Pursuant to the Demand, STASAN requested to inspect the following:

(a)      Articles or restated Articles of Incorporation and all amendments to them currently in effect;

(b)      A list of the names and addresses of all shareholders, in alphabetical order, by class of shares, identifying the number and series of shares held by each;

(c)      The By-Laws or restated By-Laws and all amendments to them currently in effect;

(d)      Resolutions adopted by the Board of Directors creating one or more classes or series of shares and affixing the relative rights, preferences and limitations, if shares issued pursuant to those Resolutions are outstanding;



(e)     The minutes of all shareholders meetings and records of all action taken by shareholders without a meeting for the past three (3) years;

(f)     Written communications to all shareholders generally or shareholders of a class or series with the past three (3) years, including the financial statements furnished for the past three (3) years;

(g)     A list of the names and business street addresses of its current directors and officers;

(h)     The most recent statements for the last fiscal year showing in reasonable detail its assets and liabilities and the results of its operations and the most recent interim statements, if any, which have been filed in a public record or otherwise published, pursuant to §2.44 (F), Texas Business Corporation Act;

(i)     All accounting records of the corporation including, but not limited to corporate income tax returns, corporation's general ledger, balance sheets, profit and loss statements, and the corporate stock book;

(j)     Any and all written contracts with any clients or accounts of the corporation, specifically with regard to any correspondence or contracts with Stafffunds Unlimited, located at 9700 Phillips Highway, Suite 101, Jacksonville, Florida;

(k)     Any written Shareholders Agreements;

(l)     Any credit card statements relating to corporate business expenses;

(m)     Any record of dividends, distributions or salaries paid to any employee, officer or director;



(n)    Any records evidencing the corporation's gross sales and income during the past twelve (12) months and the sales and income for each of the past three (3) months;

(o)    All records evidencing the average size of the corporation's invoices, the total outstanding accounts receivable and the average collection time on the corporation's receivables;

(p)    A list of the corporation's active customers currently doing business with the corporation and a list of the ten (10) largest customers by receivable balance outstanding along with the amount of each balance;

(q)    A list of any outstanding loans including, but not limited to, loans from officers, directors and any other affiliated party, with any security indicated;

(r)    A list of any other liens or encumbrances on the corporation's assets, including judgments, and a list of any current, pending or unresolved tax problems;

(s)    A list of all of the corporation's bank accounts (including lockbox accounts), including the name of the bank, address and account number;

(t)    The name and address of the corporation's factor and the average weekly amount of money received from the factor;

(u)    All documents pertaining to all bank accounts, credit unions or other passbook accounts and notes open or closed, in the name of the corporation;

(v)    All records, notes, correspondence, papers, memoranda, ledgers, checkbooks, check registers, check stubs, bank statements, canceled checks, deposit slips and withdrawal slips for each and every checking account in the corporation's name for the last two (2) years;

6105-0200 261693.1                                   4



(w)    Any and all contracts for the rental, lease, or purchase of safe-deposit boxes or vaults in the name of the corporation; and

(x)    Records that relate to any secured or unsecured loans made by the corporation or to the corporation or by, any entity or trust, in which the corporation has an interest, legal or equitable, and/or for which the corporation is obligor, cosignor, guarantor or custodian including, but not limited to, mortgages, notes receivable or other evidence of such debts.

9.    Instead of complying with the Demand, NSSI stated on or about October 21, 1999, that the company records did not reflect that STASAN had paid any legal consideration for its stock and, therefore, NSSI would not comply with the Demand until it was satisfied that STASAN was a shareholder of the company. A true and correct copy of correspondence reflecting the above is attached hereto as Exhibit "C."

10.    Thereafter, on or about October 29, 1999, STASAN responded to NSSI's correspondence stating that STASAN had continually been acknowledged as a shareholder of NSSI and demanded for the second time that NSSI comply with the Demand. A true and correct copy of correspondence reflecting the above is attached hereto as Exhibit "D."

11.    Thereafter, on or about November 5, 1999, STASAN made its third demand to NSSI which attached STASAN's appropriate stock certificate as an exhibit to support STASAN's position that it was a proper stockholder. A true and correct copy of correspondence reflecting the above is attached hereto as Exhibit "E."

12.    Finally, on or about November 9, 1999, after numerous correspondence between the parties, NSSI agreed to make certain records available to STASAN for its



review, however, NSSI still maintained that STASAN was not a shareholder of NSSI. A true and correct copy of the correspondence reflecting the above is attached hereto as Exhibit "F."

13.    Before sending a representative to Texas to inspect NSSI's records, a representative of STASAN, RICHARD, wrote to NSSI on or about November 22, 1999, in order to assure that the appropriate documents would be available for his inspection prior to traveling to Texas. A true and correct copy of correspondence reflecting the above is attached hereto as Exhibit "G."

14.    Thereafter, on or about November 30, 1999, another correspondence from NSSI was received stating once again that STASAN was not a shareholder of NSSI and that certain document requests were not books and records of the corporation and would not be available for review. A true and correct copy of correspondence reflecting the above is attached hereto as Exhibit "H."

15.    Thereafter, on or about December 9, 1999, a final demand was made upon NSSI by STASAN pursuant to both the Texas Business Corporation Act and Sections 607.1601, 607.1602, and 607.1603, Florida Statutes (the "Final Demand"), to inspect and copy the books and records of NSSI. The Final Demand reiterated STASAN's prior Demand and further described with reasonable particularity the purpose for its demands. A true and correct copy of the Final Demand is attached hereto as Exhibit "I."

16.    NSSI has failed to provide the books and records enumerated in STASAN'S demands for inspection and copying pursuant to both Section 2.44, Texas Business Corporation Act as well as Sections 607.1601, 607.1602 and 607.1603, Florida Statues.


ATLAS PEARLMAN
TROP & BORKSON

## AS AND FOR A FIRST
## CAUSE OF ACTION
### (Specific Relief Pursuant to Section 607.1604(2), Florida Statutes)

17.     STASAN repeats and realleges each and every allegation set forth in Paragraphs "1" through "16" above, with the same force and effect as if set forth fully herein.

18.     STASAN's demand has been (1) made in good faith and for a proper purpose; (2) was described with reasonable particularity as to the purpose of the demands and the particular books and records it desired to inspect; and (3) relates to documents directly connected with its purpose.

19.     Based upon the foregoing, STASAN has performed all conditions precedent to the institution of this action pursuant to Section 607.1604(2), Florida Statutes, and is entitled to have this Court enter an Order to permit the inspection and copying of the books and records demanded.

20.     STASAN has retained the undersigned counsel and is obligated to pay its attorneys a reasonable attorneys' fee for their services.  STASAN is entitled to recover its reasonable costs and attorneys' fees in accordance with Section 607.1604(3), Florida Statutes.

## AS AND FOR A SECOND
## CAUSE OF ACTION
### (Declaratory Relief)

21.     The Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs "1" through "16" above, with the same force and effect as if set forth fully herein.

6105-0200 261693.1

7



22.    Since the incorporation of NSSI, there has been numerous changes in its shareholders and board of directors.

23.    Specifically, the original shareholders of NSSI were STASAN, Edward Astin, Debbie Logal, Katrina Keith and Joy Miller Walstrum.  Thereafter, during the first two years of NSSI's incorporation, Laura Smith and Emily Carlson also received some stock from NSSI and Katrina Keith received some additional stock from Debbie Logal.

24.    After a merger in May of 1996, another individual, Piotr Zapendowski, was given stock in NSSI and in 1998, Joy Miller Walstrum sold back her stock to NSSI.

25.    In addition to the numerous changes of shareholders of NSSI, there were also numerous changes to the Board of Directors.

26.    Initially, Michael Logal and Edward Astin were Directors.  Subsequently, Debbie Logal, Edward Astin, ESTELLE and Joy Miller Walstrum became directors.

27.    Thereafter in May of 1996, Debbie Logal, Piotr Zapendowski, Edward Astin and ESTELLE became directors and  in 1999, RICHARD was also voted onto the Board of Directors as Chairman.

28.    Finally, in August of 1999, a new board was voted in which consisted of ESTELLE, RICHARD, Piotr Zapendowski and Ilene Phillips.

29.    Although the above changes in the shareholders and board directors of NSSI has taken place, NSSI refuses to recognize STASAN, ESTELLE and RICHARD's position in NSSI.

30.    As more specifically described above, there is a bonafide dispute between the Plaintiffs and NSSI as NSSI claims that the Plaintiffs are not shareholders and/or directors of NSSI.



31.    Based upon the foregoing, the Plaintiffs are in doubt of their rights in connection with NSSI and are entitled to a declaration clarifying their rights and obligations in NSSI.

32.    All conditions precedent to the institution of this action have been performed, occurred, or have otherwise been waived by NSSI.

33.    There is a bonafide, actual, present and practical need for a declaration by the Court.

34.    The Plaintiffs rights and/or entitlements are dependent upon the law applicable to the facts as stated above.

35.    It is clear from the foregoing that NSSI may substantially and negatively impact upon the Plaintiffs' interest and/or rights and/or duties in NSSI.

36.    Based upon the foregoing, the Plaintiffs are in doubt to their rights and seek declaratory relief as to their rights and/or entitlements in connection with their position in NSSI.

37.    The Plaintiffs are without a full and adequate remedy at law and are in need of this Court to resolve the doubt and uncertainty concerning the Plaintiffs rights and/or duties in NSSI.

WHEREFORE, Plaintiffs STASAN MARKETING, INC., a Florida corporation, RICHARD BLUMBERG and ESTELLE BLUMBERG, respectfully request that this Court enter an Order requiring Defendant NETWORK STAFFING SERVICES, INC. to permit the inspection and copying of the corporate books and records set forth in their demands, award Plaintiffs their reasonable costs and attorneys' fees pursuant to Section 607.1604(3), Florida Statutes, grant declaratory relief as to their rights and/or entitlements



*in connection with* NETWORK STAFFING SERVICES, INC., *together with such other and*

*further relief as this Court deems just and proper.*

ATLAS, PEARLMAN, TROP & BORKSON, P.A.
Attorneys for Plaintiffs
STASAN MARKETING, INC., RICHARD
BLUMBERG and ESTELLE BLUMBERG
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By:

JAN DOUGLAS ATLAS
Florida Bar No. 226246

By:

SAMANTHA N. TESSER
Florida Bar No. 0148016

ATLAS PEARLMAN
TROP & BORKSON



NETWORK STAFFING SERVICES, INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF TEXAS

This Certifies that

——————Three Hundred (300)——————    Statsan Marketing, Inc.    is the owner of

non-assessable Shares of the above Corporation transferable only on the ————— fully paid and books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated    July 1, 1994

NOTICE: These shares of stock are subject to cer...

# ATLAS PEARLMAN
# TROP & BORKSON
### P.A.
## A T T O R N E Y S   A T   L A W

| | | |
|---|---|---|
| Jan Douglas Atlas | Joel D. Mayersohn | Of Counsel |
| Michael W. Baker | Matthew W. Miller | Jon A. Sale |
| Alan H. Baseman | William Nortman | Benedict P. Kuehne |
| Stephen W. Bazinsky | Brian A. Pearlman | |
| Roxanne K. Beilly | Charles B. Pearlman | |
| Elliot P. Borkson | Jonathan S. Robbins | Director of |
| Robert J. Burnett | James M. Schneider | Marketing and Development |
| Deborah Ann Byles | Wayne H. Schwartz | Scott L. Cowan+ |
| Robin Corwin Campbell | Douglas Paul Solomon | |
| Michael Greenwald | Samantha Nicole Tesser | |
| April I. Halle | Michael L. Trop | |
| Kip O. Lassner | Steven L. Weinberger | +not licensed to practice law |
| Eric Lee | Kenneth P. Wurtenberger | +not licensed in |
| Andrew Lockwood* | | the State of Florida |

October 7, 1999

CERTIFIED MAIL - RETURN RECEIPT
REQUESTED and REGULAR MAIL

Mr. Michael Logal
Network Staffing Services, Inc.
4801 Spring Valley
Suite 115-B
Dallas, TX 75211

Re:  Statutory Demand for Inspection of Corporate Books and Records
     Pursuant to Section 2.44 Texas Business Corporation Act

Dear Mr. Logal:

Mrs. Estelle Blumberg, a shareholder of Network Staffing Services, Inc., hereby makes a demand, pursuant to §2.44, Texas Business Corporation Act to inspect the following books and records of Network Staffing Services, Inc.:

1. Articles or restated Articles of Incorporation and all amendments to them currently in effect;

2. A list of the names and addresses of all shareholders, in alphabetical order, by class of shares, identifying the number and series of shares held by each;

3. The By-Laws or restated By-Laws and all amendments to them currently in effect;

4. Resolutions adopted by the Board of Directors creating one or more classes or series of shares and affixing the relative rights, preferences and limitations, if shares issued pursuant to those Resolutions are outstanding;

EXHIBIT B

6105-0200 253654.1

Miami Office
Suite 3550
100 Southeast Second Street

Main Office
New River Center • Suite 1900
200 East Las Olas Boulevard
Fort Lauderdale, Florida 33301

Boca Raton Office
Suite 305 West
1900 Corporate Boulevard

Mr. Michael Logal
October 7, 1999
Page 2



ATLAS PEARLMAN
TROP & BORKSON
P.A.

5.      The minutes of all shareholders meetings and records of all action taken by shareholders without a meeting for the past three (3) years;

6.      Written communications to all shareholders generally or shareholders of a class or series with the past three (3) years, including the financial statements furnished for the past three (3) years;

7.      A list of the names and business street addresses of its current directors and officers;

8.      The most recent statements for the last fiscal year showing in reasonable detail its assets and liabilities and the results of its operations and the most recent interim statements, if any, which have been filed in a public record or otherwise published, pursuant to §2.44 (F), Texas Business Corporation Act;

9.      All accounting records of the corporation including, but not limited to corporate income tax returns, corporation's general ledger, balance sheets, profit and loss statements, and the corporate stock book;

10.     Any and all written contracts with any clients or accounts of the corporation, specifically with regard to any correspondence or contracts with Stafffunds Unlimited, located at 9700 Phillips Highway, Suite 101, Jacksonville, Florida;

11.     Any written Shareholders Agreements;

12.     Any credit card statements relating to corporate business expenses;

13.     Any record of dividends, distributions or salaries paid to any employee, officer or director;

14.     Any records evidencing the corporation's gross sales and income during the past twelve (12) months and the sales and income for each of the past three (3) months;

15.     All records evidencing the average size of the corporation's invoices, the total outstanding accounts receivable and the average collection time on the corporation's receivables;

Mr. Michael Logal
October 7, 1999
Page 3



16.    A list of the corporation's active customers currently doing business with the corporation and a list of the ten (10) largest customers by receivable balance outstanding along with the amount of each balance;

17.    A list of any outstanding loans including, but not limited to, loans from officers, directors and any other affiliated party, with any security indicated;

18.    A list of any other liens or encumbrances on the corporation's assets, including judgments, and a list of any current, pending or unresolved tax problems;

19.    A list of all of the corporation's bank accounts (including lockbox accounts), including the name of the bank, address and account number;

20.    The name and address of the corporation's factor and the average weekly amount of money received from the factor;

21.    All documents pertaining to all bank accounts, credit unions or other passbook accounts and notes open or closed, in the name of the corporation;

22.    All records, notes, correspondence, papers, memoranda, ledgers, checkbooks, check registers, check stubs, bank statements, canceled checks, deposit slips and withdrawal slips for each and every checking account in the corporation's name for the last two (2) years;

23.    Any and all contracts for the rental, lease, or purchase of safe-deposit boxes or vaults in the name of the corporation; and

24.    Records that relate to any secured or unsecured loans made by the corporation or to the corporation or by, any entity or trust, in which the corporation has an interest, legal or equitable, and/or for which the corporation is obligor, cosignor, guarantor or custodian including, but not limited to, mortgages, notes receivable or other evidence of such debts.

Mrs. Blumberg is seeking to inspect these records as they relate to protecting her interest as a shareholder in the said corporation; to determine the financial status of the said corporation; to determine whether an audit is necessary of the books and records and in order to determine the value of Mrs. Blumberg's stockholder interest in the said corporation.

Mr. Michael Logal
October 7, 1999
Page 4



ATLAS PEARLMAN
TROP & BORKSON
P.A.

    Please be advised that our client is requesting photocopies of the records listed above pursuant to §2.44, Texas Business Corporation Act and wishes to obtain these photocopies on or before October 22, 1999.

    Your anticipated cooperation in the foregoing would be greatly appreciated.

Sincerely,

JAN DOUGLAS ATLAS

JDA/sd

cc:    Mrs. Estelle Blumberg

**NETWORK STAFFING SERVICES, INC.**

*Committed to Our Customer's Success*

October 21, 1999

Jan Atlas
Atlas Pearlman Trop & Borkson, P.A.
New River Center
Suite 1900
200 East Las Olas Blvd.
Ft. Lauderdale, FL 33301

Re:     Statutory demand to inspect the books and records of Network Staffing Services, Inc. (the
        "Company")

Dear Mr. Atlas:

        We have received your letter dated October 7, 1999, concerning the demand by Mrs. Estelle
Blumberg to inspect the books and records of the Company. We note that Mrs. Blumberg is not a
shareholder of record of the Company. However, in the interests of maintaining an amicable dialog
between the Company and your client, we recognize that Mrs. Blumberg controls an entity by the
name of Statsan Marketing, Inc. ("Statsan"), which maintains that it is a shareholder of the company.
Unfortunately, Company records do not reflect that Statsan paid any legal consideration for its stock.
Please provide to us evidence of Statsan's payment of consideration for common stock of the Company.

        Once we have been satisfied that Statsan is indeed a shareholder of the Company, the Company
will make available to any agent, accountant or attorney of Statsan, at any reasonable time,
the Company's relevant books and records of account, minutes and share transfer records, in accordance
with Section 2.44 of the Texas Business Corporation Act.

        Please feel free to call me if you would like to discuss these matters further.

                                        Sincerely,

                                        Deborah V. Logal
                                        Corporate Secretary

cc:     Ted Daniel, Esq.

Via: facsimile 954-766-7800
Also: certified - "return receipt requested" US Postal Service

EXHIBIT  C

# ATLAS PEARLMAN
# TROP & BORKSON
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| Jan Douglas Arlas | Joel D. Mayersohn | Of Counsel |
| Michael W. Baker | Matthew W. Miller | Jon A. Sale |
| Alan H. Baseman | William Nortman | Benedict P. Kuehne |
| Stephen W. Bazinsky | Brian A. Pearlman | |
| Roxanne K. Beilly | Charles B. Pearlman | |
| Elliot P. Borkson | Jonathan S. Robbins | |
| Robert J. Burnett | James M. Schneider | Director of |
| Deborah Ann Byles | Wayne H. Schwartz | Marketing and Development |
| Robin Corwin Campbell | Douglas Paul Solomon | Scott L Cowan+ |
| Michael Greenwald | Samantha Nicole Tesser | |
| April L Halle | Michael L. Trop | |
| Kip O. Lassner | Steven L Weinberger | *not licensed to practice law |
| Eric Lee | Kenneth P. Wurtenberger | *not licensed in |
| Andrew Lockwood* | | the State of Florida |

October 29, 1999

**VIA FACSIMILE AND U.S. MAIL**

Ms. Debra V. Logal
Corporate Secretary
Network Staffing Services, Inc.
4801 Spring Valley
Suite 115-B
Dallas, TX 75211

Re:  Statutory Demand for Inspection of Corporate Books and Records
     of Network Staffing Services, Inc. ("NSSI")

Dear Ms. Logal:

In connection with the above-referenced matter, we received your correspondence dated October 21, 1999 and are quite frankly shocked at NSSI's contention that Statsan Marketing, Inc. ("Statsan") is not a shareholder of NSSI. First, the appropriate stock certificate was issued to Statsan on July 1, 1999. Second, once NSSI has issued a stock certificate to a shareholder, NSSI cannot claim that the shareholder did not provide adequate consideration for their shares. Finally, after NSSI's merger in 1996 and at all times material hereto, Estelle Blumberg a/k/a Statsan has always been recognized as a shareholder by NSSI and has received notices for all shareholder meetings. In particular, Mrs. Blumberg received correspondence from Douglas A. Linebarger dated September 16, 1999, enclosing the notice of special meeting of shareholders on September 27, 1999 evidencing NSSI's acknowledgment that Mrs. Blumberg a/k/a Statsan was a shareholder of the company.

Furthermore, pursuant to Section 2.16, Florida Business Corporation Act, consideration for shares of stock may consist of "any tangible or intangible benefit to the corporation or other property of any kind or nature, including cash, promissory notes, services performed, contracts for services to be performed, other securities of the

EXHIBIT  D

| Miami Office | Main Office | Boca Raton Office |
|---|---|---|
| Suite 3550 | New River Center • Suite 1900 | Suite 305 West |
| 100 Southeast Second Street | 200 East Las Olas Boulevard | 1900 Corporate Boulevard |
| Miami, Florida 33131 | Fort Lauderdale, Florida 33301 | Boca Raton, Florida 33431 |

Ms. Debra V. Logal
October 29, 1999
Page 2



corporation, or securities of any other corporation, domestic or foreign, or other entity." As you know, Mrs. Blumberg a/k/a Statsan loaned NSSI approximately $150,000.00 to fund NSSI. Therefore, Statsan has provided the requisite consideration for its shares.

Pursuant to Section 2.44(D), Texas Business Corporation Act:

> Any corporation which shall refuse to allow any such shareholder or his agent, accountant or attorney, so to examine and make extracts from its books and records of account, minutes, and share transfer records, for any proper purpose, shall be liable to such shareholder for all costs and expenses, including attorneys' fees, incurred in enforcing his rights under this Article in addition to any other damages or remedy afforded him by law.

Therefore, by way of this correspondence, Statsan demands that NSSI comply with Section 2.44 of the Texas Business Corporation Act and make available all of the books and records requested in Statsan's demand for inspection dated October 7, 1999. Should NSSI not comply with the statutory demand, our client has given us the authority to pursue all legal and equitable remedies against NSSI.

Sincerely,

JAN DOUGLAS ATLAS

JDA/sd
cc:    Mrs. Estelle Blumberg

# ATLAS PEARLMAN TROP & BORKSON P.A.

ATTORNEYS AT LAW

Jan Douglas Atlas
Michael W. Baker
Alan H. Baseman
Stephen W. Bazinsky
Roxanne K. Beilly
Elliot P. Borkson
Robert J. Burnett
Deborah Ann Byles
Robin Corwin Campbell
Michael Greenwald
April L Halle
Kip O. Lassner
Eric Lee
Andrew Lockwood*

Joel D. Mayersohn
Matthew W. Miller
William Nortman
Brian A. Pearlman
Charles B. Pearlman
Jonathan S. Robbins
James M. Schneider
Wayne H. Schwartz
Douglas Paul Solomon
Samantha Nicole Tesser
Michael L. Trop
Steven L Weinberger
Kenneth P. Wurtenberger

Of Counsel
Jon A. Sale
Benedict P. Kuehne

Director of
Marketing and Development
Scott L Cowan*

*not licensed to practice law
*not licensed in
the State of Florida

November 5, 1999

**VIA FACSIMILE AND U.S. MAIL**

Ms. Debra V. Logal
Corporate Secretary
Network Staffing Services, Inc.
4801 Spring Valley
Suite 115-B
Dallas, TX 75211

Re:    Statutory Demand for Inspection of Corporate Books and Records
of Network Staffing Services, Inc. ("NSSI")

Dear Ms. Logal:

In connection with the above-referenced matter, we received your response to our correspondence dated October 21, 1999. NSSI's position that Statsan Marketing, Inc. ("Statsan") must provide NSSI with some type of proof that it provided consideration for its shares is totally groundless and ludicrous. Since NSSI issued a stock certificate to Statsan on July 1, 1994, it is NSSI's burden to prove that Statsan is not a shareholder. Although you are already aware that Statsan was issued a stock certificate, signed by Michael Logal, we have enclosed the appropriate certificate for your review.

Moreover, as previously stated in our last correspondence, NSSI cannot claim that Statsan is not a shareholder and then recognize Statsan as a shareholder by sending Statsan notices for all shareholder meetings. As you know, Statsan provided NSSI approximately $150,000.00 to fund NSSI as proper consideration for its shares. Nevertheless, Statsan is under no obligation to provide any proof of consideration when it has been issued a stock certificate by the company. Moreover, Section 2.44 of the Texas Business Corporation Act ("Act"), does not impose such a requirement.

EXHIBIT E

6105-0200 258096.1

Main Office
New River Center · Suite 1900
200 East Las Olas Boulevard

Miami Office
Suite 3550

Boca Raton Office
Suite 305 West

Ms. Debra V. Logal
November 5, 1999
Page 2



You should be aware that should Statsan have to resort to litigation in order to enforce its rights pursuant to Section 2.44 of the Act, NSSI will be liable to Statsan for all costs and expenses, including attorneys' fees.

Moreover, since you are acting in your capacity as the secretary of NSSI, you will also be liable to NSSI's shareholders for corporate waste as the officers of NSSI have an obligation to act in the best interests of the corporation. An officer who causes frivolous litigation over issues such as these, would be subject to liability for breaching the officer's duties of good faith and reasonable care.

Statsan demands that NSSI comply with Section 2.44 of the Act and make available all of the books and records requested in Statsan's demand for inspection dated October 7, 1999. Should NSSI not comply with the statutory demand by November 22, 1999, we will seek all legal and equitable remedies against both NSSI and all of NSSI's officers that have participated in the foregoing conduct.

Sincerely,

JAN DOUGLAS ATLAS

JDA/sd
Enclosure
cc:    Mrs. Estelle Blumberg

6105-0200 258096.1



NETWORK STAFFING SERVICES, INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF TEXAS

This Certifies that _____ Statsan Marketing, Inc. _____ is the owner of

——— Three Hundred (300) ——— fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated ___ July 1, 1994

NOTICE: These shares of stock are subject to certai...

# NETWORK STAFFING SERVICES, INC.

*Committed to Our Customer's Success*

November 9, 1999

Jan Atlas
Atlas Pearlman Trop & Borkson, P.A.
New River Center
Suite 1900
200 East Las Olas Blvd.
Ft. Lauderdale, FL  33301

Re:    Network Staffing Services, Inc. (the "Company")

Dear Mr. Atlas:

We have received your letter dated November 5, 1999, with respect to the demand by Statsan Marketing, Inc. ("Statsan") to review the Company's books and records of account, minutes and stock transfer records (collectively, the "Records"). As you know, we take issue with your opinion that "Statsan is under no obligation to provide any proof of consideration when it has been issued a stock certificate by the Company." In the absence of valid consideration, the shares are void and Statsan has no right to review the Records. It is also our understanding that Statsan is not even a Florida corporation. Subject to the Company's rights with respect to the issue of whether or not Statsan is indeed a shareholder of the Company, the Company hereby makes the Records available to Statsan. Please give us reasonable notice of when you and your client would like to review such documentation so that it can be set aside for your review.

I look forward to hearing from you.

Sincerely,

Deborah V. Logal
Corporate Secretary

ML/sd

cc:    Ted Daniel, Esq.

Dallas1 557487 v 1, 44164.00001

EXHIBIT F

November 22, 1999

Ms. Debbie Logal
Network Staffing Services, Inc.
4801 Spring Valley
Dallas, TX 75211

Via Fax: (972) 701-0076

Dear Debbie:

I appreciate your willingness to provide the information requested in Jan Atlas'
letter of October 7, 1999 without forcing us to go to court on this issue. I am planning to
come into Dallas on either Wednesday, December 8 or Thursday, December 9 to review
the appropriate documents on behalf of Estelle/Stasan. Please let me know which date is
preferable. If you have no preference, I will most likely come on Wednesday. As soon as
I receive a response from you, I will make my reservations.

In reviewing the list of things to be provided, I am not sure it is clear that I want to
see the contract with Staff Funds that was in effect in August, 1999 as well as any changes
or new contract subsequent to August as well as any contracts with suppliers that are in
existence. After reviewing the information and documents requested. I will probably have
additional, more specific, requests. If there is anything on the itemized list contained in
Jan's letter of October 7, 1999 that you feel you will be unwilling or unable to provide
please let me know before I make my reservations. I don't want to waste either my time
or the company's resources needlessly. If we need a court to rule either on
Estelle/Stasan's position in the company and your obligations to provide the requested
information and the penalties for not providing it, let's do it before we both waste
considerable time.

While I am in Dallas, I wold like to spend a few minutes with you and Michael if it
can be arranged. I will look to hear from you in the next few days regarding the
acceptability of my suggested dates.

Sincerely,

Richard Blumberg

cc: Jan Atlas

EXHIBIT G

-30-99 05:12P APOGEAN MARKETING, INC. 9545375522



**NETWORK STAFFING SERVICES, INC.**

*Committed to Our Customer's Success*

Richard Blumberg
3020 N. Atlantic Blvd.
Ft. Lauderdale, Florida 33308

     Re:    Network Staffing Services, Inc. (the "Company")

Dear Richard:

    Thank you for your letter to the Company dated as of November 22, 1999. First let me reiterate our position that while we do not necessarily agree with the contention that Statsan Marketing, Inc. is a shareholder of Company, in the interest of maintaining a dialogue between the Company and you and Estelle Blumberg, the Company agrees to make its books and records of account, minutes and stock transfer records (the "Records") available for inspection. Unfortunately, neither December 8, 1999 nor December 9, 1999 are available dates given the time of year and certain previously-made commitments. However, we will be able to make the Records available to you for your inspection on December 14-15, 1999 and January 5, 2000.

    With respect to your specific document production requests, the Company will only be providing to you for review the Company's Records. As contracts are not "books and records of account," the Company will not be producing same. Furthermore, if even such contracts were "books and records and account," you have not indicated any proper purpose for such review.

    Please feel free to call either Michael or me prior to your arrival so that we may set aside the appropriate documentation. As you mentioned in your letter, we look forward to meeting with you when you are in Dallas.

    If you have any further questions or comments, please feel free to call me at your convenience.

                            Sincerely,

                            Deborah V. Logal
                            Corporate Secretary

cc:    Ted Daniel, Esq.

Dallas1 560405 v 1. 44164.0001

**DALLAS • FLORIDA • COLORADO • GEORGIA**

EXHIBIT 4    TOTAL P.01



# ATLAS PEARLMAN
# TROP & BORKSON
### P.A.
A T T O R N E Y S    A T    L A W

Jan Douglas Atlas
Michael W. Baker
Alan H. Baseman
Stephen W. Bazinsky
Roxanne K. Beilly
Elliot P. Borkson
Deborah Ann Byles
Robin Corwin Campbell
Rebecca G. DiStefano
Michael Greenwald
April L. Halle
Kip O. Lassner
Eric Lee
Andrew Lockwood

Joel D. Mayersohn
Matthew W. Miller
William Nortman
Brian A. Pearlman
Charles B. Pearlman
Jonathan S. Robbins
James M. Schneider
Wayne H. Schwartz
Douglas Paul Solomon
Samantha Nicole Tesser
Michael L. Trop
Steven I. Weinberger
Kenneth P. Wurtenberger

Of Counsel
Jon A. Sale
Benedict P. Kuehne

Director of
Marketing and Development
Scott I. Cowan+

+not licensed to practice law

December 9, 1999

CERTIFIED MAIL - RETURN RECEIPT
REQUESTED - and FACSIMILE

Mr. Michael Logal
Ms. Deborah V. Logal
Network Staffing Services, Inc.
4801 Spring Valley
Suite 115-B
Dallas, TX 75211

Re:    Statutory Demand for Inspection of Corporate Books and Records
       Pursuant to Section 2.44 Texas Business Corporation Act and
       Sections 607.1601, 607.1602 and 607.1603, Florida Statutes

Dear Mr. Logal and Ms. Logal:

Mr. Richard Blumberg has provided us with correspondence from Network Staffing Services, Inc. ("NSSI") with regard to Statsan Marketing, Inc.'s ("Statsan") inspection of NSSI's books and records. Although NSSI states that it will not provide to Mr. Blumberg NSSI's books, records and contracts related to Stafffunds Unlimited, your position is unfounded.

Statsan has properly sent a statutory demand for inspection of NSSI's corporate books and records on October 7, 1999. Please let this correspondence serve as an additional statutory demand for inspection pursuant to Sections 607.1601, 607.1602 and 607.1603, Florida Statutes.

Statsan, a shareholder of NSSI, hereby makes a demand, pursuant to Sections 607.1601, 607.1602 and 607.1603, Florida Statutes to inspect the following books and records of NSSI:



6105-0200 261660.1

New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

Mr. Michael Logal
Ms. Deborah Logal
December 9, 1999
Page 2



ATLAS PEARLMAN
TROP & BORKSON
P.A.

    1.    Articles or restated Articles of Incorporation and all amendments to them currently in effect;

    2.    A list of the names and addresses of all shareholders, in alphabetical order, by class of shares, identifying the number and series of shares held by each;

    3.    The By-Laws or restated By-Laws and all amendments to them currently in effect;

    4.    Resolutions adopted by the Board of Directors creating one or more classes or series of shares and affixing the relative rights, preferences and limitations, if shares issued pursuant to those Resolutions are outstanding;

    5.    The minutes of all shareholders meetings and records of all action taken by shareholders without a meeting for the past three (3) years;

    6.    Written communications to all shareholders generally or shareholders of a class or series with the past three (3) years, including the financial statements furnished for the past three (3) years;

    7.    A list of the names and business street addresses of its current directors and officers;

    8.    The most recent statements for the last fiscal year showing in reasonable detail its assets and liabilities and the results of its operations and the most recent interim statements, if any, which have been filed in a public record or otherwise published;

    9.    All accounting records of the corporation including, but not limited to corporate income tax returns, corporation's general ledger, balance sheets, profit and loss statements, and the corporate stock book;

    10.    Any and all written contracts with any clients or accounts of the corporation, specifically with regard to any correspondence or contracts with Stafffunds Unlimited, located at 9700 Phillips Highway, Suite 101, Jacksonville, Florida;

    11.    Any written Shareholders Agreements;

    12.    Any credit card statements relating to corporate business expenses;

Mr. Michael Logal
Ms. Deborah Logal
December 9, 1999
Page 3



ATLAS PEARLMAN
TROP & BORKSON
P.A.

    13.    Any record of dividends, distributions or salaries paid to any employee, officer or director;

    14.    Any records evidencing the corporation's gross sales and income during the past twelve (12) months and the sales and income for each of the past three (3) months;

    15.    All records evidencing the average size of the corporation's invoices, the total outstanding accounts receivable and the average collection time on the corporation's receivables;

    16.    A list of the corporation's active customers currently doing business with the corporation and a list of the ten (10) largest customers by receivable balance outstanding along with the amount of each balance;

    17.    A list of any outstanding loans including, but not limited to, loans from officers, directors and any other affiliated party, with any security indicated;

    18.    A list of any other liens or encumbrances on the corporation's assets, including judgments, and a list of any current, pending or unresolved tax problems;

    19.    A list of all of the corporation's bank accounts (including lockbox accounts), including the name of the bank, address and account number;

    20.    The name and address of the corporation's factor and the average weekly amount of money received from the factor;

    21.    All documents pertaining to all bank accounts, credit unions or other passbook accounts and notes open or closed, in the name of the corporation;

    22.    All records, notes, correspondence, papers, memoranda, ledgers, checkbooks, check registers, check stubs, bank statements, canceled checks, deposit slips and withdrawal slips for each and every checking account in the corporation's name for the last two (2) years;

    23.    Any and all contracts for the rental, lease, or purchase of safe-deposit boxes or vaults in the name of the corporation; and

Mr. Michael Logal
Ms. Deborah Logal
December 9, 1999
Page 4



ATLAS PEARLMAN
TROP & BORKSON
P.A.

24.    Records that relate to any secured or unsecured loans made by the corporation or to the corporation or by, any entity or trust, in which the corporation has an interest, legal or equitable, and/or for which the corporation is obligor, cosignor, guarantor or custodian including, but not limited to, mortgages, notes receivable or other evidence of such debts.

Statsan is seeking to inspect these records as they relate to protecting its interest as a shareholder in said corporation; to determine the financial status of said corporation; to determine whether an audit is necessary of the books and records, to determine NSSI's officers, directors and shareholders and in order to determine the value of Statsan's stockholder interest in said corporation.  Furthermore, Statsan seeks review of any and all written contracts with any clients or accounts of the corporation, specifically with regard to any correspondence or contracts with Stafffunds Unlimited ("Stafffunds"), to determine if Stafffunds or any other entity has breached any contracts with NSSI and to determine if NSSI and/or any of its shareholders suffered any damages as a result of any breach.

Since you have already refused providing copies of the records listed above pursuant to Section 2.44, Texas Business Corporation Act, let this serve as Statsan's final demand pursuant to Florida Statutes.  Pursuant to Section 607.1602, Florida Statutes, a foreign corporation, authorized to do business in Florida is subject to Florida Statutes with regard to access to corporate books and records and penalty is applicable should access be wrongfully refused.  See Hollander v. Rosen, 555 So. 2d 384 (Fla. 3d DCA 1989).

Please be advised that this is Statsan's final demand for inspection and pursuant to Section 607.1604(2), Florida Statutes, if NSSI does not comply with the demand, Statsan will apply to the Circuit Court of Broward County for an Order to permit inspection and copying of the records demanded which will be decided by the Court on an expedited basis.  Furthermore, pursuant to Section 607.1604(3), Florida Statutes, should the Court order inspection and the copying of the foregoing records, Statsan will also be awarded Statsan's costs, including reasonable attorneys' fees incurred, to obtain the Order and enforce its right under Florida Statutes.

Please be advised that Statsan is requesting to take photocopies of the above records pursuant to Section 607.1603, Florida Statutes.  Statsan wishes to inspect and obtain the photocopies of said records within five (5) business days of the date of this letter

Mr. Michael Logal
Ms. Deborah Logal
December 9, 1999
Page 5



as contemplated by Section 607.1602(2), Florida Statutes. Should NSSI fail to comply with the above, it will be subject to the provisions of Section 607.1604, Florida Statutes.

Sincerely,

JAN DOUGLAS ATLAS

JDA/sd

cc:    Mrs. Estelle Blumberg
       Mr. Richard Blumberg

6105-0200 261660.1

# CIVIL COVER SHEET

00-6190 CIV-ZLOCH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE

## (a) PLAINTIFFS

STASAN MARKETING, INC.,
a Florida corporation,
RICHARD BLUMBERG and ESTELLE BLUMBERG

## DEFENDANTS

NETWORK STAFFING SERVICES, INC.,
a Texas corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

A-NORTH -6190 ZLOCH/ BSS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

COUNTY (BROWARD

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)  AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury – Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332 & 1441; alleged stockholders' suit

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ ***

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD

DATE 2/4/00

FOR OFFICE USE ONLY

RECEIPT # 518506   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*** not specified (See Notice of Removal, greater than $75,000)