UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STASAN MARKETING, INC.
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

**00-6190**

CIV-ZLOCH

Plaintiffs,

Civil Action No.:

vs.

DISPOSITIVE MOTION

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

Defendant.

_____/

## NOTICE OF FILING

COMES NOW Defendant, NETWORK STAFFING SERVICES, INC., by and through

its undersigned attorney, and hereby gives notice of filing with the Clerk of the above-styled

Court, the following:

### DECLARATION OF THEODORE W. DANIEL

This is being filed in conjunction with the motion filed herein, for upcoming hearings or

for such other purpose as authorized by law and the Federal Rules of Civil Procedure.

ALEXANDER S. DOUGLAS II, ESQ.
Florida Bar No.: 817422
DAVID J. KOHS, ESQ.
Florida Bar No.: 705543
POHL & SHORT, P.A.
280 West Canton Avenue, Suite 410
Winter Park, Florida 32789
Phone: (407) 647-7645
Fax: (407) 647-2314
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been sent, via U.S. Mail, to: **Jan Douglas Atlas, Esq.**, Atlas, Pearlman, Trop & Dorkson, New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, FL 33301; this 1st day of February, 2000.

ALEXANDER S. DOUGLAS II, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

      Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

      Defendant.

_____/

## DECLARATION OF THEODORE W. DANIEL

I, Theodore W. Daniel, make the following declaration:

1.      I am an attorney practicing law in Dallas, Texas, with Jenkens & Gilchrist, A Professional Corporation. I have knowledge of the matters set forth herein. This affidavit is submitted in support of dismissal or abatement of the above-styled action (the "Florida Action"), and for any other purpose as may be appropriate or permissible.

2.      I represent Michael P. Logal and Debra V. Logal, who I understand are officers, directors and shareholders of Network Staffing Services, Inc., the Defendant in the Florida Action.

3.      On December 10, 1999, I filed an action on behalf of Michael P. Logal and Debra V. Logal against Statsan Marketing, Inc., in the United States District Court for the Northern District of Texas (the "Texas Action"), a true copy of which Plaintiffs' date stamped Original Complaint is attached hereto as Exhibit "A". I have read the Complaint by which the Florida Action was

commenced. and in my opinion the Texas Action involves the same subject matter as the Florida Action, *i.e*, whether Statsan Marketing, Inc. is a shareholder of Network Staffing Services, Inc.

4.      On December 20, 1999, Douglas A. Linebarger, an attorney in my office, wrote to Jan Atlas, Plaintiffs' attorney in the Florida Action, advising Mr. Atlas of the commencement of the Texas Action, and forwarding a date stamped copy of the Original Complaint. A true copy of such correspondence and enclosure is attached hereto as Exhibit "B".

5.      On December 27, 1999, I wrote to Jan Atlas, inquiring whether he would agree to accept service of the Texas Action on behalf of his client. A true copy of such correspondence is attached hereto as Exhibit "C".

6.      I never received any response to my December 27, 1999, correspondence, so on January 12, 2000, I initiated service of the Texas Action through the Texas Secretary of State. A true copy my January 12, 2000, correspondence to the Texas Secretary of State, with enclosures, is attached hereto as Exhibit "D".

7.      As is reflected by the Summons attached hereto as Exhibit "E", service of the Florida Action was effected on January 13, 2000, upon Network Staffing Services, Inc.'s Registered Agent, Michael Logal. From the issuance date indicated upon said Summons, it appears that Plaintiffs did not file the Florida Action until on or about December 30, 1999, only after they had been advised of the commencement of the Texas Action, provided a copy of the filed Original Complaint therein, and asked to accept service of process of the same.

9.      Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

1-27-2000
_____
Date

_____
Theodore W. Daniel

DECLARATION OF THEODORE W. DANIEL - Page 2

EXHIBIT "A"



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL P. LOGAL and DEBRA V. LOGAL, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3-99CV2796-G |
| v. | § § | |
| STATSAN MARKETING, INC., | § § | |
| Defendant. | § | |

DEC 10 1999

PARKER D. GUSTAR... CLERK

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Michael P. Logal and Debra V. Logal, Plaintiffs herein, file their Original Complaint, complaining of Statsan Marketing, Inc., Defendant herein, as follows:

### I.

### Parties

1.      Plaintiff Michael P. Logal is an individual citizen of the state of Texas who resides in Dallas County, Texas. Plaintiff Debra V. Logal is also an individual citizen of the state of Texas who resides in Dallas County, Texas.

2.      Defendant Statsan Marketing, Inc. is a citizen of the state of Florida in that it is a Florida corporation with its principal place of business in the state of Florida. Defendant is a non-resident of the state of Texas. Defendant engages in business in the state of Texas, but does not maintain a place of regular business in Texas or a designated agent upon whom service of process

PLAINTIFFS' ORIGINAL COMPLAINT - Page 1

Dallas1 562112 v 1, 99999.00001

may be made upon causes of action arising out of such business. Defendant engages in business in Texas through its purported ownership of stock in NSSI, as more particularly described below. As a result. Defendant has appointed the Texas Secretary of State as its agent upon whom service of process may be made herein. Plaintiffs request that summons be issued and served upon Defendant pursuant to Chapter 17 of the Civil Practice & Remedies Code by delivering duplicate copies of the summons to the Texas Secretary of State who shall forthwith forward a copy of such process in the required manner to Defendant at its home office of 3020 North Atlantic Boulevard, Ft. Lauderdale, Florida 33308, c/o Estelle K. Blumberg, who is an officer or director of Defendant.

## II.

### Jurisdiction and Venue

3.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that the citizenship of Plaintiffs is diverse from the citizenship of Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. With respect to the amount in controversy, the stock which is at issue in this case has a value substantially in excess of $75,000. The Court has jurisdiction to provide declaratory relief pursuant to 28 U.S.C. § 2201, in that this matter presents an actual controversy as to which the Court may declare the legal rights of the parties.

4.    Venue is proper in the Northern District of Texas, Dallas Division, because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

## III.

### Plaintiffs' Claim for Declaratory Relief

5    Plaintiffs are each shareholders in Network Staffing Services, Inc. ("NSSI"). NSSI is a Texas corporation with its principal place of business in Dallas County, Texas. On or about July 1, 1994, Defendant was issued 300 shares of common stock (the "Shares") in NSSI. Defendant did not contribute any cash, property, labor or other valid consideration for the Shares. As a result, the Shares are invalid and should be canceled.

6.    Defendant has refused to acknowledge that the Shares are invalid. Instead, Defendant has asserted and continues to assert that it is a shareholder in NSSI with all of the rights and privileges associated therewith.

7.    An actual controversy exists with respect to whether or not the Shares are valid or should be canceled. Plaintiffs request the Court to declare that the Shares are invalid and to cancel them. Plaintiffs have retained the undersigned law firm to represent them in this action and have agreed to pay that law firm its reasonable and necessary attorneys' fees in connection with this action. Plaintiffs further request the Court to award them their reasonable and necessary attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing:

1.    Plaintiffs recover a declaration that the Shares are invalid and canceled;

2.    Plaintiffs recover their reasonable and necessary attorneys' fees; and

4.    Plaintiffs recover all costs of court and such other and further relief, at law or in equity, to which they may be justly entitled.

---

Respectfully submitted,

Theodore W. Daniel
State Bar No. 05362400

JENKENS & GILCHRIST
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
Telephone: 214/855-4500
Telecopy: 214/855-4300


ATTORNEY FOR PLAINTIFFS
MICHAEL P. LOGAL AND DEBRA V. LOGAL

---

EXHIBIT "B"

# Jenkens & Gilchrist
### A PROFESSIONAL CORPORATION

1445 ROSS AVENUE
SUITE 3200
DALLAS, TEXAS 75202

(214) 855-4500
TELECOPIER (214) 855-4300

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

AFFILIATE OFFICE

CHICAGO, ILLINOIS
(312) 425-3900

Douglas A. Linebarger
(214) 855-4320
dlinebarger@jenkens.com

December 20, 1999

***Via Facsimile 954-766-7800***

Jan Atlas
Atlas, Pearlman, Trop & Dorkson
New River Center
Suite 1000
200 East Las Olas Blvd.
Fort Lauderdale, Florida 33301

      RE:    Network Staffing Services, Inc. (the "Company")

Dear Jan:

      Thank you for your letter to the Company dated December 9, 1999, with respect to your client's statutory demand for inspection. As the Company is not qualified to do business in Florida, nor is it required to be qualified to do business in Florida, it is not subject to the Florida statutes with respect to shareholder inspection rights. See *Hollander v. Rosen*, 555 So. 2d 384 (Fla. 3d DCA 1989).

      Finally, as recently suggested by your client, the Logals have filed a lawsuit against Statsan Marketing, Inc. to clarify the relationship of the parties. For your convenience, I am enclosing a copy of the original complaint for your records.

      Please feel free to call me if you have any questions or comments or would like to discuss these matters further.

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION

Jan Atlas
December 20, 1999
Page 2


Please note that the litigation referred to above is being handled by Ted Daniel of our firm.

Sincerest Regards,

Douglas A. Linebarger

DAL:sem

Encl.

cc:    Mike Logal
       Ted Daniel (w/o encl.)

Dallas1 563533 v 1, 44164.00001



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL P. LOGAL
and DEBRA V. LOGAL,

§
§
§

Plaintiffs,

§
§

CIVIL ACTION NO.

v.

§
§

3 - 99CV2796 - G

STATSAN MARKETING, INC.,

§
§
§

Defendant.

§

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Michael P. Logal and Debra V. Logal, Plaintiffs herein, file their Original Complaint, complaining of Statsan Marketing, Inc., Defendant herein, as follows:

### I.

### Parties

1.    Plaintiff Michael P. Logal is an individual citizen of the state of Texas who resides in Dallas County, Texas. Plaintiff Debra V. Logal is also an individual citizen of the state of Texas who resides in Dallas County, Texas.

2.    Defendant Statsan Marketing, Inc. is a citizen of the state of Florida in that it is a Florida corporation with its principal place of business in the state of Florida. Defendant is a non-resident of the state of Texas. Defendant engages in business in the state of Texas, but does not maintain a place of regular business in Texas or a designated agent upon whom service of process

PLAINTIFFS' ORIGINAL COMPLAINT - Page 1

may be made upon causes of action arising out of such business. Defendant engages in business in Texas through its purported ownership of stock in NSSI, as more particularly described below. As a result, Defendant has appointed the Texas Secretary of State as its agent upon whom service of process may be made herein. Plaintiffs request that summons be issued and served upon Defendant pursuant to Chapter 17 of the Civil Practice & Remedies Code by delivering duplicate copies of the summons to the Texas Secretary of State who shall forthwith forward a copy of such process in the required manner to Defendant at its home office of 3020 North Atlantic Boulevard, Ft. Lauderdale, Florida 33308, c/o Estelle K. Blumberg, who is an officer or director of Defendant.

## II.

### Jurisdiction and Venue

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that the citizenship of Plaintiffs is diverse from the citizenship of Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. With respect to the amount in controversy, the stock which is at issue in this case has a value substantially in excess of $75,000. The Court has jurisdiction to provide declaratory relief pursuant to 28 U.S.C. § 2201, in that this matter presents an actual controversy as to which the Court may declare the legal rights of the parties.

4.      Venue is proper in the Northern District of Texas, Dallas Division, because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

## III.

## Plaintiffs' Claim for Declaratory Relief

5.      Plaintiffs are each shareholders in Network Staffing Services, Inc. ("NSSI"). NSSI is a Texas corporation with its principal place of business in Dallas County, Texas. On or about July 1, 1994, Defendant was issued 300 shares of common stock (the "Shares") in NSSI. Defendant did not contribute any cash, property, labor or other valid consideration for the Shares. As a result, the Shares are invalid and should be canceled.

6.      Defendant has refused to acknowledge that the Shares are invalid. Instead, Defendant has asserted and continues to assert that it is a shareholder in NSSI with all of the rights and privileges associated therewith.

7.      An actual controversy exists with respect to whether or not the Shares are valid or should be canceled. Plaintiffs request the Court to declare that the Shares are invalid and to cancel them. Plaintiffs have retained the undersigned law firm to represent them in this action and have agreed to pay that law firm its reasonable and necessary attorneys' fees in connection with this action. Plaintiffs further request the Court to award them their reasonable and necessary attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing:

1.      Plaintiffs recover a declaration that the Shares are invalid and canceled;

2.      Plaintiffs recover their reasonable and necessary attorneys' fees; and

4.      Plaintiffs recover all costs of court and such other and further relief, at law or in equity, to which they may be justly entitled.

---

PLAINTIFFS' ORIGINAL COMPLAINT - Page 3

Dallas1 562112 v 1, 99999.00001

Respectfully submitted,

Theodore W. Daniel
State Bar No. 05362400

JENKENS & GILCHRIST
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas  75202
Telephone:  214/855-4500
Telecopy:  214/855-4300


ATTORNEY FOR PLAINTIFFS
MICHAEL P. LOGAL AND DEBRA V. LOGAL

---

PLAINTIFFS' ORIGINAL COMPLAINT - Page 4

Dallas1 562112 v 1, 99999.00001

EXHIBIT

# Jenkens & Gilchrist
### A PROFESSIONAL CORPORATION

FOUNTAIN PLACE
1445 ROSS AVENUE, SUITE 3200
DALLAS, TEXAS 75202

(214) 855-4500
TELECOPIER (214) 855-4300

AUSTIN, TEXAS
(512) 499-3800

CHICAGO, ILLINOIS
(312) 425-3900

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

WRITER'S DIRECT DIAL NUMBER
Theodore W. Daniel
(214) 855-4168

December 27, 1999

Jan Atlas, Esq.                                           VIA TELECOPY NO. (954) 766-7800
Atlas, Pearlman, Trop & Dorkson
New River Center, Suite 1900
200 East Las Olas Blvd.
Fort Lauderdale, Florida 33301

    Re:    Michael P. Logal, et al. v. Statsan Marketing, Inc.

Dear Mr. Atlas:

    I am in receipt of a copy of Mr. Linebarger's December 20, 1999, letter to you, by which you were forwarded a courtesy copy of Plaintiff's Original Complaint in the above-referenced case. Please let me know if you will agree to accept service on behalf of Defendant Statsan Marketing, Inc. Thanks.

                        Very truly yours,

                        Theodore W. Daniel

TWD:res

Dallas1 564271 v 1, 44164.00001

Confirmation Report—Memory Send

Time         : Dec-27-99  17:26
Tel line 1 :
Name         :

| | | |
|---|---|---|
| Job number | : | 709 |
| Date | : | Dec-27 17:18 |
| To | : | 3427#99999#1#19547667800 |
| Document Pages | : | 02 |
| Start time | : | Dec-27 17:24 |
| End time | : | Dec-27 17:26 |
| Pages sent | : | 02 |
| Job number | : 709 | |

### *** SEND SUCCESSFUL ***

Fax receipt will not be
confirmed by phone
unless requested

### JENKENS & GILCHRIST
A Professional Corporation
Fountain Place
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
(214) 855-4500
Telecopier (214) 855-4300

Other Offices:
Austin
Houston
Los Angeles, CA
San Antonio
Washington, D.C.

**Date:**    December 27, 1999
**To:**           JAN ATLAS, ESQ.
**Company:**      ATLAS, PEARLMAN, TROP & DORKSON
**Telecopier #:**   954 766 7800
**From:**          THEODORE W. DANIEL, ESQ. (Direct: (214) 855-4168)
**Operator:**       J&G Fax Room Operator
**Operator Phone #:**   (214) 855-4777

### ● MESSAGE ●

#### NOTICE OF CONFIDENTIALITY

The information contained in and transmitted with this facsimile is

1. **SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE;**
2. **ATTORNEY WORK PRODUCT; OR**
3. **CONFIDENTIAL.**

It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated above by the sender is *unauthorized* and *strictly prohibited.* If you have received this facsimile in error, please notify Jenkens & Gilchrist, a professional corporation by telephone at (214) 855-4777 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by U.S. Mail, or if authorization is granted by the sender, destroyed.

**If you do not receive all pages, please call: (214) 855-4777**

| Time:   11:36 AM | Billing #: (359) 44164-1 | Total # of Pages (+ Cover): |

EXHIBIT

## Jenkens & Gilchrist
A PROFESSIONAL CORPORATION

1445 ROSS AVENUE
SUITE 3200
DALLAS, TEXAS 75202

(214) 855-4500
TELECOPIER (214) 855-4300

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

AFFILIATE OFFICE
CHICAGO, ILLINOIS
(312) 425-3900

Theodore W. Daniel
(214) 855-4168
tdaniel@jenkens.com

January 12, 2000

CERTIFIED MAIL NO. P 407 871 369
RETURN RECEIPT REQUESTED

The Texas Secretary of State
Citation Division
P.O. Box 12079
Austin, Texas 78711-2079

Re:    3:99-CV2796-G; Michael P. Logal and Debra V. Logal v. Statsan Marketing, Inc.

Sir or Madame:

Enclosed for filing is an original and two duplicate copies of a Summons and a copy of the Complaint attached thereto. Also enclosed is my firm's check in the amount of $50.00 to cover your service costs. I would appreciate it if you would effectuate service on Defendant Statsan Marketing, Inc. at its home office of 3030 North Atlantic Boulevard, Ft. Lauderdale, Florida 33308, c/o Estelle K. Blumberg, who is an officer or director of Defendant.

After service has been effectuated, please return an executed copy of the Summons to me at the above address. For your convenience, I have enclosed a self-addressed, postage-paid envelope.

Should you have any questions or need additional information, please do not hestiate to contact me. Thank you for your assistance in this matter.

Very truly yours,

Theodore W. Daniel

TWD:res
Enclosures

Dallas1 566561 v 1, 44164.00001

**Jenkens & Gilchrist**

**No.** 146013

| DATE | INVOICE | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 01-12-00 | 44164.1/DANIEL | SERVICE FEE | 50.00 |
| | | | |
| | | TOTAL | 50.00 |

THIS CHECK CONTAINS A VOID FEATURE, MICRO-PRINTED SIGNATURE LINE AND AN ARTIFICIAL WATERMARK ON BACK. HOLD UNDER BLACKLIGHT TO VERIFY AUTHENTICITY

**JENKENS & GILCHRIST**
A PROFESSIONAL CORPORATION
1445 ROSS AVE., SUITE 3200
DALLAS, TEXAS 75202-2711

Chase Bank of Texas, N.A.
San Angelo

**146013**

88-88
1113

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 01/12/00 | $*******50.00 |

PAY    FIFTY AND 00/100 Dollars

TO
THE
ORDER
OF

TEXAS SECRETARY OF STATE
CITATIONS UNIT
P.O. BOX 12079
AUSTIN, TX 78711

*Pamela W. Walker*

TWO SIGNATURES REQUIRED OVER $10,000
VOID AFTER 180 DAYS

⑈146013⑈ ⑆111300880⑆ ⑈063000443 21⑈



# United States District Court

Northern District                                    Texas

DISTRICT OF

*Reissue - Lost Summons*

## SUMMONS IN A CIVIL CASE

MICHAEL P. LOGAL AND
DEBRA V. LOGAL

### V.

STATSAN MARKETING, INC.

CASE NUMBER:

*3:99 CV 2796 G*

**TO:** (Name and address of defendant)

STATSAN MARKETING, INC.
c/o Estelle Blumberg
3020 North Atlantic Boulevard
Ft. Lauderdale, Florida 33308

**YOU ARE HEREBY SUMMONED** and required to serve upon

PLAINTIFF'S ATTORNEY (name and address)

Theodore W. Daniel, Esq.
JENKENS & GILCHRIST
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
(214) 855-4500 (Telephone)

an answer to the complaint which is herewith served upon you, within TWENTY (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## NANCY DOHERTY

*12 JAN 2000*

---
CLERK

*Sheila R. Stein*

---
(BY) DEPUTY CLERK

DATE



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED

DEC 1 0 1999

NANCY DOHERTY, CLERK

| | | |
|---|---|---|
| MICHAEL P. LOGAL<br>and DEBRA V. LOGAL,<br><br>Plaintiffs,<br><br>v.<br><br>STATSAN MARKETING, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>3 - 99 C V 2 7 9 6 - G |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

  Michael P. Logal and Debra V. Logal, Plaintiffs herein, file their Original Complaint, complaining of Statsan Marketing, Inc., Defendant herein, as follows:

### I.

### Parties

  1. Plaintiff Michael P. Logal is an individual citizen of the state of Texas who resides in Dallas County, Texas. Plaintiff Debra V. Logal is also an individual citizen of the state of Texas who resides in Dallas County, Texas.

  2. Defendant Statsan Marketing, Inc. is a citizen of the state of Florida in that it is a Florida corporation with its principal place of business in the state of Florida. Defendant is a non-resident of the state of Texas. Defendant engages in business in the state of Texas, but does not maintain a place of regular business in Texas or a designated agent upon whom service of process

PLAINTIFFS' ORIGINAL COMPLAINT - Page 1

may be made upon causes of action arising out of such business. Defendant engages in business in Texas through its purported ownership of stock in NSSI, as more particularly described below. As a result, Defendant has appointed the Texas Secretary of State as its agent upon whom service of process may be made herein. Plaintiffs request that summons be issued and served upon Defendant pursuant to Chapter 17 of the Civil Practice & Remedies Code by delivering duplicate copies of the summons to the Texas Secretary of State who shall forthwith forward a copy of such process in the required manner to Defendant at its home office of 3020 North Atlantic Boulevard, Ft. Lauderdale, Florida 33308, c/o Estelle K. Blumberg, who is an officer or director of Defendant.

## II.

### Jurisdiction and Venue

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that the citizenship of Plaintiffs is diverse from the citizenship of Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. With respect to the amount in controversy, the stock which is at issue in this case has a value substantially in excess of $75,000. The Court has jurisdiction to provide declaratory relief pursuant to 28 U.S.C. § 2201, in that this matter presents an actual controversy as to which the Court may declare the legal rights of the parties.

4.      Venue is proper in the Northern District of Texas, Dallas Division, because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

---

## III.

### Plaintiffs' Claim for Declaratory Relief

5.    Plaintiffs are each shareholders in Network Staffing Services, Inc. ("NSSI"). NSSI is a Texas corporation with its principal place of business in Dallas County, Texas. On or about July 1, 1994, Defendant was issued 300 shares of common stock (the "Shares") in NSSI. Defendant did not contribute any cash, property, labor or other valid consideration for the Shares. As a result, the Shares are invalid and should be canceled.

6.    Defendant has refused to acknowledge that the Shares are invalid. Instead, Defendant has asserted and continues to assert that it is a shareholder in NSSI with all of the rights and privileges associated therewith.

7.    An actual controversy exists with respect to whether or not the Shares are valid or should be canceled. Plaintiffs request the Court to declare that the Shares are invalid and to cancel them. Plaintiffs have retained the undersigned law firm to represent them in this action and have agreed to pay that law firm its reasonable and necessary attorneys' fees in connection with this action. Plaintiffs further request the Court to award them their reasonable and necessary attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing:

1.    Plaintiffs recover a declaration that the Shares are invalid and canceled;

2.    Plaintiffs recover their reasonable and necessary attorneys' fees; and

4.    Plaintiffs recover all costs of court and such other and further relief, at law or in equity, to which they may be justly entitled.

---

Respectfully submitted,

Theodore W. Daniel
State Bar No. 05362400

JENKENS & GILCHRIST
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
Telephone: 214/855-4500
Telecopy: 214/855-4300

ATTORNEY FOR PLAINTIFFS
MICHAEL P. LOGAL AND DEBRA V. LOGAL

---

Dallas1 562112 v 1. 99999.00001

EXHIBIT E

DATE DELIVERED _____

DELIVERED BY _____

CACE

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

99022204

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

        Plaintiffs,

18

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

        Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the

Complaint in this action on Defendant

                NETWORK STAFFING SERVICES, INC.

By Serving its Registered Agent:   MICHAEL LOGAL
                                4801 Spring Valley
                                Suite 115-B
                                Dallas, TX 75211

    Defendant is required to serve written defenses to the Complaint on SAMANTHA

N. TESSER, ESQ., Plaintiff's attorney, whose address is ATLAS, PEARLMAN, TROP &

BORKSON, P.A., Suite 1700, 350 East Las Olas Boulevard, Fort Lauderdale, Florida

6105-0200 263942.1

33301, within 20 days after service of this Summons on that Defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Defendant's attorney or immediately thereafter.  If Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

WITNESS my hand and the Seal of said Court.    DEC 3 0 1999

ROBERT E. LOCKWOOD
As Clerk of the Court

By: _____

VALERIE FORD

As Deputy Clerk

A TRUE COPY

Circuit Court Seal