UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CIV-ZLOCH

00-6190

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

        Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

        Defendant.

_____/

Civil Action No.:

DISPOSITIVE MOTION

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR TO DISMISS, ABATE OR TRANSFER ACTION DUE TO PRIOR FILED ACTION AND/OR VENUE CONCERNS

Defendant, NETWORK STAFFING SERVICES, INC., ("NETWORK"), by and through its undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(3) and/or 28 U.S.C. §1406(a), or to dismiss, abate or transfer this action pursuant to Fed. R. Civ. P. 12(b)(3), Fed. R. Civ. P. 13(a), 28 U.S.C. §1406(a), and/or 28 U.S.C. §1404(a), and in support thereof would respectfully show:

### I.    FACTUAL BACKGROUND

By their Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "Florida action"), Plaintiffs, RICHARD BLUMBERG and ESTELLE BLUMBERG, and STASAN MARKETING, INC. ("STASAN"), a Florida



corporation and alleged shareholder of NETWORK, have sued NETWORK for relief including a declaration of STASAN's alleged status as shareholder of NETWORK, and for inspection of NETWORK's corporate books and records pursuant to Florida Statutes 607.1601-607.1604. (See Counts I and II of Plaintiff's Complaint, attached as Exhibit "B" to Defendant's Notice of Removal filed herein). Defendant NETWORK has timely removed the Plaintiffs' action to this Court. (See Notice of Removal filed herein).

Plaintiffs are citizens of the State of Florida, while Defendant NETWORK is a citizen of the State of Texas. (See paragraphs 3 and 5 of Plaintiff's Complaint; accompanying Declaration of Michael P. Logal). NETWORK is a Texas corporation engaged in the provision of staffing services. (Declaration of Michael P. Logal). NETWORK's principal offices are located in Dallas, Texas, and its only other offices are in Virginia and Colorado. (Declaration of Michael P. Logal). NETWORK does not maintain and office or do business within the State of Florida. (Declaration of Michael P. Logal). While NETWORK did previously have one Florida office, located in Ft. Lauderdale, that office was closed completely as of December, 1998. (Declaration of Michael P. Logal). Since December of 1998, NETWORK has conducted no business within the State of Florida. (Declaration of Michael P. Logal).

In light of the foregoing, NETWORK made no effort following December of 1998 to renew its certificate of authority to do business within the State of Florida. (Declaration of Michael P. Logal). Accordingly, NETWORK's authority to conduct business within the State of Florida was revoked by the Florida Division of Corporations on September 24, 1999. (Declaration of Michael P. Logal, including record of Florida Division of Corporations attached as Exhibit "A" thereto). Plaintiffs did not first request inspection of NETWORK's

corporate books and records until October 7, 1999, pursuant to Texas authority, and on December 9, 1999, pursuant to Florida Statutes 607.1601-607.1603. (See paragraphs 7 and 15 of Plaintiff's Complaint; Declaration of Michael P. Logal).

NETWORK has no corporate books or records within the State of Florida. (Declaration of Michael P. Logal). To the contrary, all corporate books and records sought in the Plaintiffs' Florida action are located in the State of Texas. (Declaration of Michael P. Logal). Other than Plaintiffs, whose status as such Defendant denies, no officers or directors of NETWORK are residents of the State of Florida. (Declaration of Michael P. Logal).

Previously, on December 10, 1999, Michael P. Logal and Debra V. Logal, officers, directors and shareholders of NETWORK, filed an action against Statsan Marketing, Inc., in the United States District Court for the Northern District of Texas, Dallas Division (the "Texas action"), involving the same subject matter as Plaintiffs' later filed Florida action. (See accompanying Declaration of Theodore W. Daniel, including Plaintiffs' Original Complaint attached as Exhibit "A" thereto). Plaintiffs moreover filed and served the subject Florida action only after having been advised of the commencement of the Texas action, being provided a copy of the filed Original Complaint, and asked to accept service of process of that suit. (Declaration of Theodore W. Daniel, including Exhibits "B", "C", and "D" thereto).

## II. ARGUMENT: THE COURT LACKS PERSONAL JURISDICTION OVER NETWORK

### A. STANDARD FOR A RULE 12(b)(2) MOTION

A federal court determines personal jurisdiction over a nonresident defendant in three steps. First, the court looks to the state's long-arm statute, determining whether the complaint alleges sufficient facts to bring the action within the ambit of the statute. <u>Venetian Salami Co.</u>

v. Parthenais, 554 So.2d 499, 502 (1989). If a basis for jurisdiction exists under the

provisions of the long-arm statute, the court examines whether sufficient minimum contacts

exist between the Defendant and the forum state to satisfy constitutional due process

requirements. Id. The court then considers whether exercising personal jurisdiction would

offend "traditional notions of justice and fair play." Madara v. Hall, 916 F.2d 1510, 1514

(11th Cir. 1990); cf. Venetian Salami, supra, 554 So.2d at 502.[1] Florida's long-arm statute,

Fla. Stat. §48.193, provides in pertinent part:

> (1) Any person, whether or not a resident of this state, who
> personally or through an agent does any of the acts enumerated in
> this subsection thereby subjects himself and, if he is a natural
> person, his personal representative to the jurisdiction of the courts
> of this state for any cause of action arising from the doing of any
> of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business
> or business venture in this state or having an office or agency in
> this state.
>
> (2) A defendant who is engaged in substantial and not isolated
> activity within this state, whether such activity is wholly
> interstate, intrastate, or otherwise, is subject to the jurisdiction of
> the courts of this state, whether or not the claim arises from that
> activity.

## B. THE COURT LACKS JURISDICTION OVER NETWORK

An asssertion of jurisdiction over a non-resident by Florida courts may be based on

either general jurisdiction (based on the defendant's regular and systematic contacts with the

forum) or specific jurisdiction (arising out of the transaction or occurrence that gives rise to the

action) Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984). Plaintiffs

---

[1] Removal of an action does not constitute a waiver of the Defendant's objection to the exercise of personal
jurisdiction by the state court. See Walker v. Savell, 335 F.2d (5th Cir. 1964) (federal district court properly

have alleged no facts that would establish either specific or general jurisdiction over NETWORK.

## 1. **There Is No General Jurisdiction**

Florida courts will exercise general jurisdiction under Fla. Stat. §48.193(2) only over a defendant whose contacts with the state can be characterized as "continuous and systematic," Rafal v. Mesick, 661 So.2d 79, 81 (Fla. 2d DCA 1995), or "substantial and not isolated." Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087, 1089 (Fla. Dist. Ct. App.), review denied without op., 531 So.2d 167 (Fla. 1988). See also Helicopteros Nacionales, supra, 466 U.S. 408 (Supreme Court found that Texas had no general jurisdiction over a foreign corporation that sent its chief executive officer to Houston for a contract negotiation session, accepted checks drawn on a Houston bank, purchased helicopters, equipment, and training services from a Texas corporation, and sent personnel to the Texas corporation's Fort Worth facilities for training).

In Rafal, the defendant was a securities broker, registered in Florida, who corresponded with the Florida plaintiffs concerning their brokerage account in Connecticut but who did not solicit business in Florida either personally or through an agent. The court found that these activities did not qualify as continuous and systematic for purposes of exercising general jurisdiction. 661 So.2d at 81. In Ranger, Florida plaintiffs attempted to assert general jurisdiction over a truck driver who had been involved in an accident with the plaintiffs in North Carolina. The court ruled that general jurisdiction could not be based upon "several isolated trucking trips into Florida during the ordinary course of (the driver's) virtually

---

considered, and granted, Defendant's motion to quash service for want of personal jurisdiction before considering whether case should be remanded to state court).

nationwide travels, including one immediately prior to his traveling unloaded to Savannah where he arranged the trip involved in this case." 519 So.2d at 1089. In Madara, a libel action by a Florida resident against recording artist Daryl Hall, the court rejected an assertion of general jurisdiction. The court observed:

> In his brief, Madara mixes a discussion of general jurisdiction and specific jurisdiction. At one point, he asserts that Hall's visits to Florida are "continuous and systematic," based apparently on what are, in fact, sporadic concert performances. Madara also implies that Hall's ownership of an interest in a partnership which is itself a limited partner in partnerships that own real estate in Miami and Jacksonville supports jurisdiction in this case. Indirect ownership of property, concert performances and the sale of records and the like are not related to the activity for which Hall is being sued--libel--except perhaps in the very broadest sense. If Hall could be sued on an unrelated cause of action because of concerts and record sales, then he likely would be amenable to suit in all the states of the union on any cause of action. We reject without further discussion the possibility that Hall is generally present in Florida for jurisdictional purposes based on these contacts.

916 F.2d at 1516 n.7.

Plaintiffs have not only failed to assert that Florida courts have general jurisdiction over NETWORK, but have also failed to allege any facts that could establish such jurisdiction. The only allegations of Plaintiffs' Complaint arguably touching upon general jurisdiction are that NETWORK "is authorized to do business in Florida with its registered agent located in Fort Lauderdale, Broward County, Florida." (See paragraph 5 of Plaintiff's Complaint). A defendant wishing to contest allegations of a complaint pertaining to jurisdiction does so by filing affidavits in support of its position. Venetian Salami, supra, 554 So.2d at 502; Doe v. Thompson, 620 So.2d 1004, 1005 (Fla. 1993). The burden is then on the plaintiff to prove by

affidavit the basis upon which jurisdiction may be obtained. <u>Venetian Salami</u>, supra, 554 So.2d at 502; <u>Doe v. Thompson</u>, <u>supra</u>, 620 So.2d at 1005.

Here, it has been established conclusively by affidavit that contrary to Plaintiffs' allegation in this regard, NETWORK is <u>not</u> authorized to do business in Florida. (See Declaration of Michael P. Logal, including record of Florida Division of Corporations attached as Exhibit "A" thereto). NETWORK has also conducted no business in Florida since December of 1998, approximately ten (10) months prior to Plaintiffs' earliest demand for inspection of corporate books and records. (Declaration of Michael P. Logal). Simply stated, NETWORK does not purposely engage in conducting any activities in Florida, or avail itself of the benefits and protections of the law "such that it should reasonably anticipate being held in court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297, 100 S.Ct, 559, 567, 62 L.Ed.2d 490 (1980). NETWORK is accordingly not subject to general personal jurisdiction in Florida.

## 2. <u>There Is No Specific Jurisdiction</u>

Even if Plaintiffs were to attempt to rely upon NETWORK's <u>prior</u> business activity within the State of Florida, their Complaint in no way seeks to establish how the causes of action stated therein relate to or arise out of such activity. <u>See, e.g.</u>, <u>Unterman v. Brown</u>, 169 So.2d 522, 524 (Fla.. 2d DCA 1964) (where complaint did not show how present suit had arisen out of alleged ownership of Florida business, such business was irrelevant to claim of jurisdiction); <u>Graphic Controls Corporation v. Utah Medical Products, Inc.</u>, 149 F.3d 1382 (2d.Cir. 1998) (establishing that plaintiff's cause of action arose out of nonresident's business activities in state required showing of a substantial nexus between the cause of action and defendant's contacts with state).

To the contrary, Plaintiffs' Complaint seeks a declaration of ownership of stock in a Texas corporation, and inspection of NETWORK's corporate books and records, all of which are located in the State of Texas. (See Plaintiffs' Complaint: Declaration of Michael P. Logal). Florida Statutes 607.1601-607.1604, which are alleged by Plaintiffs to entitle them to inspect corporate books and records, are not even applicable to NETWORK, inasmuch as NETWORK is neither authorized nor required to be authorized to do business in within the State of Florida. See, e.g., Morley v. Slider, 549 So.2d 242 (Fla. 4th DCA 1989) (corporate records complaint against foreign corporation must allege that corporation is either registered or required to be registered to do business within the State of Florida); Hollander v. Rosen, 555 So.2d 384 (Fla. 3d DCA 1990) (same proposition); Genetti v. Victory Markets, Inc., 362 F.Supp. 124 (M.D.Pa. 1973) (in statutory action for inspection of corporate records, unless books and records of foreign corporation sought to be inspected are located within forum state, court will not take jurisdiction or otherwise regulate or interfere with internal management of foreign corporation). Even if Florida Statutes 607.1601-607.1604 were applicable to NETWORK, which is expressly denied, NETWORK would be required, at most, to produce books and records for inspection, during regular business hours, at the corporation's principal office in Dallas, Texas. See Florida Statute 607.1602(1). Thus, Plaintiffs cannot and do not attempt to state that NETWORK has either committed a tort or some other injurious act or omission within the State of Florida. See, e.g., Florida Statute 48.193(1)(b) and (f); PK Computers, Inc. v. Independent Travel Agencies of America, Inc., 656 So.2d 254 (Fla. 4th DCA 1995) (complaint failed to state jurisdictional basis where it failed to allege that either contractual or tortious breaches occurred within the state of Florida).

Indeed, the only circumstances indicated by Plaintiffs' Complaint which are even arguably tied to Florida activities are that NETWORK, in response to demands initiated and advanced by Plaintiffs' Florida attorneys, responded to such demands by correspondence mailed to Plaintiffs' attorneys in Florida. (See Plaintiff's Complaint, Exhibits "B" through "I" thereto). A number of cases hold that correspondences or telephone calls to Florida from a resident of another state are insufficient to establish the minimum contacts required to assert specific jurisdiction over a non-resident. See, e.g., Groome v. Feyh, 651 F.Supp. 249, 255 (S.D. Fla. 1986) (telephone and mail communications into Florida were insufficient to establish minimum contacts with Florida where parties' course of dealing anticipated a contract in Missouri); Sun Bank, N.A. v. E.F. Hutton & Co., 926 F.2d 1030, 1034 (11th Cir. 1991) (telephone calls between Massachusetts broker and customer who had moved from Massachusetts to Florida were insufficient to establish minimum contacts between broker and Florida); Green v. U.S.F. & G. Corp., 772. F. Supp. 1258, 1262 (S.D. Fla. 1991) (telephone call placed by Maryland defendant to Florida plaintiff did not create minimum contacts); Red Wing Shoe Company, Inc. v. Hockerson-Halbertstadt, Inc., 148 F.3d 1355 (Fed.Cir. 1998) (neither patentee's letters to alleged infringer in forum state nor sales activity by patentee's licensees in forum state created sufficient minimum contacts with forum to support exercise of personal jurisdiction). This is especially true in that the parties' communications were initiated by the Plaintiffs' attorneys, from Florida. See, e.g., McBreen v. Beech Aircraft Corporation, 543 F.2d 26, 30 (11th Cir. 1976). See also Venetian Salami, supra, 554 So.2d at 503 n.1 (where a New York company telephones a Florida resident and convinces him to buy a product, which the purchaser returns without payment because it does not work, it cannot be said that the Florida resident had sufficient minimum contacts with New York such that he

should reasonably contemplate being haled into court there to defend against a suit for nonpayment). Limited contact of this type does not create minimum contacts necessary for specific jurisdiction.

Inasmuch as the Plaintiffs' Complaint fails to establish either general or specific jurisdiction over Defendant NETWORK, it should be dismissed by this Court.

### III. ARGUMENT: THIS ACTION SHOULD BE DISMISSED, ABATED OR TRANSFERRED DUE TO THE PRIOR FILED ACTION

Alternatively, and in light of the prior filed Texas action, pursuant to Fed. R. Civ. P. 13(a) and 28 U.S.C. 1406(a), this action should be dismissed, abated or transferred to the United States District Court for the Northern District of Texas, Dallas Division. The Texas action, which was filed on December 10, 1999, involves the same subject matter as the Plaintiffs' later filed Florida action. (Declaration of Theodore W. Daniel, including Plaintiffs' Original Complaint attached as Exhibit "A" thereto). Specifically, the material issue in each suit is whether Statsan Marketing, Inc., is a shareholder of NETWORK. (Declaration of Theodore W. Daniel). See, e.g., Florida Statute 607.1602(1) (right to inspect and copy corporate books and records exists only in favor of a shareholder of the corporation).

It is a general rule that a district court may dismiss, transfer or stay an action so that the issues presented therein may be decided in an earlier filed action pending in another district court. See, e.g., West Gulf Maritime Ass'n v. ILA Deep Sea Local, 751 F.2d 721, 729 (Fed. Cir. 1985); New England Machinery, Inc. v. Conagra Pet Products Company, 827 F.Supp. 732, 733 (M.D. Fla. 1993). Except in the most unusual of circumstances, a later filed suit will be dismissed, stayed or transferred in favor of the suit "first filed". New England Machinery, supra, 827 F.Supp. at 733; Stack v. Whitney National Bank, 789 F.Supp. 753, 754 (S.D.

Miss. 1991). As with the subject Plaintiffs, a party filing an action with either knowledge or an expectation of a competing suit in a differing jurisdiction is particularly disfavored with regard to the dismissal, abatement or transfer of actions. Stack v. Whitney, supra 789 F.Supp. at 754-55.

In the instant matter, both the subject and prior filed Texas action seek a declaration of whether or not Statsan Marketing, Inc., is a shareholder of NETWORK. The later filed Florida action also seeks inspection of corporate books and records located in the State of Texas. No compelling reason exists as to why the parties' later filed Florida action should not be dismissed by this Court, and the parties proceed to litigate all their relevant claims and defenses in the prior filed action pending in the United States District Court for the Northern District of Texas. Alternatively, this Court should abate the later filed action, or transfer the same to the United States District Court for the Northern District of Texas, Dallas Division. See, e.g., New England Machinery and Stack v. Whitney, supra. See also Crowley Cutlery Company v. United States, 849 F.2d 273 (7th Cir. 1988) (litigation of declaratory judgment action in federal court in Illinois, while identical issue presented by that action was before the Eighth District, was waste of judicial recourses, thereby rendering proper decision to abstain).

**IV. ARGUMENT: THIS ACTION SHOULD BE
DISMISSED OR TRANSFERRED FOR IMPROPER VENUE**

Paragraph 5 of Plaintiffs' Complaint asserts that NETWORK "is authorized to do business in Florida with its registered agent located in Fort Lauderdale, Broward County, Florida." This contention is mistaken. NETWORK is not authorized to do business in Florida. (See Declaration of Michael P. Logal, including record of Florida Division of Corporations attached as Exhibit "A" thereto). NETWORK has conducted no business in

Florida since December of 1998, at least ten (10) months prior to Plaintiffs' earliest demand for inspection of corporate books and records. (Declaration of Michael P. Logal). Moreover, NETWORK is not a citizen of the State of Florida. (See Notice of Removal filed herein Declaration of Michael P. Logal). Obviously, Plaintiffs attempt to predicate venue upon a mistaken belief that NETWORK does business or is authorized to do business within this district. Such belief is mistaken, and venue of this action is not appropriate within the Southern District of Florida.

1. **This Action Should be Dismissed, in that a Substantial Part of the Events Giving Rise to Plaintiffs' Alleged Claims did not Take Place in the Southern District of Florida**

Venue of the subject dispute appears governed by the general venue statute, 28 U.S.C. §1391. 28 U.S.C. §1391(a) reads, in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...(emphasis added).

Plaintiffs have not alleged that any events or omissions giving rise to their claims occurred within the Southern District of Florida. To the contrary, this action involves alleged stock ownership in NETWORK, a Texas corporation, and seeks inspection of corporate books and records located within the State of Texas.[2] (Plaintiffs' Complaint; Declaration of Michael P. Logal). NETWORK's principal offices are located in Dallas, Texas, and its only other offices are in Virginia and Colorado. (Declaration of Michael P. Logal). NETWORK does not maintain and office or do business within the State of Florida, and has no authority to do

---

[2] If applicable, even Florida's corporate statutes would require production of NETWORK's books and records only at the corporation's principal office located in Dallas, Texas. See Florida Statute 607.1602(1).

so. (Declaration of Michael P. Logal).   NETWORK has no corporate books or records located within the State of Florida.   (Declaration of Michael P. Logal).   Other than the Plaintiffs, whose status as such is denied, no officers or directors of NETWORK are residents of the State of Florida.   (Declaration of Michael P. Logal).

A two part test is used to determine where a claim arises for purposes of venue.  Leroy v. Western United Corp., 443 U.S. 173, 183-185, 99 S.Ct. 271, 1717-18, 61 L.Ed 2d 464 (1979).   First, a determination is made as to whether a substantial portion of the acts giving rise to a plaintiff's claims occurred in the district of alleged venue.  Id.   Second, a determination is made as to where litigation efficiency would result.  Id.  See also, U.S. Aluminum Corp. v. Kawneer Co., Inc., 694 F.2d 193 (9th Cir. 1982).   Under any interpretation, "a substantial part of the events or omissions giving rise" to Plaintiffs' alleged claims did not occur within the State of Florida, much less its Southern District.   It would be patently unjust if Plaintiffs could establish both personal jurisdiction and venue over a defendant by making an incorrect and unsubstantiated assertion that such defendant is doing business or is authorized to do business within a state or district.   Yet this is precisely what Plaintiffs have sought to accomplish.   It cannot be said, under the language of 28 U.S.C. §1391, that "a substantial part of the events giving rise to the claim occurred" in Florida.  See also Leroy v. Western United and U.S. Aluminum v. Kawneer, supra.

The second issue to be determined pursuant to § 1391(a), and discussed by the Supreme Court in Leroy, supra, is a consideration of litigative efficiency.   In this regard, "the Court must ... consider the availability of witnesses, accessibility of other relevant evidence and the convenience of the Defendants (but not the Plaintiff)."  Leroy v. Great Western, supra, 443 U.S. at 185.   Specifically, litigative efficiency looks to the convenience of the Defendant and

not to the convenience of the Plaintiffs. Leroy, supra. Venue in the Southern District of
Florida could only be for the convenience of Plaintiffs. There are simply no events giving rise
to a claim in Florida and litigative efficiency would not place the venue in Florida. Therefore,
venue of this case is improper in the Southern District of Florida, and the case should be
dismissed on such grounds.

## 2. Alternatively, this Action Should be Transferred to the Northern District of Texas, Where Defendant resides

As noted above, the substantial events giving rise to this declaratory judgment action
did not arise in the Southern District of Florida, and venue is thus improper. This case should
accordingly be dismissed. However, this Court may alternatively transfer this action under 28
U.S.C. §1406(a), which reads:

> The district court of a district in which is filed a case laying
> venue in the wrong division or district shall dismiss, or if it be in
> the interest of justice, transfer such case to any district or division
> in which it could have been brought.

If this Court determines it is in the interest of justice, under 28 U.S.C. 1406(a), this
action may be transferred to the Federal District Court for the Northern District Court of
Texas, Dallas Division, because that is where Defendant resides.

## 3. Alternatively, and Only if Venue is Proper, for the Convenience of the Parties and Witnesses, and in the Interest of Justice, this case should be transferred to the Northern District of Texas, where Defendant resides

As discussed, the analysis of the litigative efficiency does not place venue in Florida,
but it does, however, place venue in Texas. NETWORK is a Texas corporation, with
principal offices located in Dallas, Texas. (See Declaration of Michael P. Logal). All
corporate books and records which Plaintiffs seek to inspect are located within the State of
Texas. (Declaration of Michael P. Logal). It is clear from the Plaintiff's Complaint itself and

the Declarations filed herein that most, if not all, of the depositions to be taken undertaken herein will occur within the State of Texas. Indeed, the only relationship whatsoever the State of Florida bears to this action is that it happens to be the Plaintiffs' state of residence.

28 U.S.C. §1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under §1404(a), and even presuming venue is correct in the first instance, this Court can transfer this case to the Northern District of Texas, Dallas Division, where it could have and should have been brought in the first place.  See, e.g., United States Aluminum v. Kawneer, supra, 694 F.2d at 195; Hoffman v. Blaski, 363 U.S. 335, 343-44, 80, S.Ct. 1084, 1089-90, 4 L.Ed.2d 1254, 1261 (1960).

## V. CONCLUSION

Under governing Florida law, there is no personal jurisdiction over Defendant NETWORK.  Moreover, there are insufficient contacts between Defendant NETWORK and the State of Florida, whether generally or specifically, for this Court to exercise personal jurisdiction over such corporation.  Accordingly, the Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).  Alternatively, and pursuant to Fed. R. Civ. P. 13(a) and 28 U.S.C. §1406(a), this action should be dismissed or abated due to the prior filed action pending in the United States District Court for the Northern District of Texas.  Alternatively, venue is improper in the State of Florida, and the action should be dismissed or transferred under the authority of Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a).  Alternatively, and only if this Court holds that venue is allowable, this action should be transferred to the United

States District Court for the Northern District of Texas, Dallas Division, pursuant to 28

U.S.C. §1404(a).

_____
ALEXANDER S. DOUGLAS II, ESQ.
Florida Bar No.:  817422
DAVID J. KOHS, ESQ.
Florida Bar No.:  705543
POHL & SHORT, P.A.
280 West Canton Avenue, Suite 410
Winter Park, Florida 32789
Phone:  (407) 647-7645
Fax:  (407) 647-2314
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent, via U.S. Mail, to: **Jan Douglas Atlas, Esq.**, Atlas, Pearlman, Trop & Dorkson, New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, FL  33301; this _____ day of February, 2000.

_____
ALEXANDER S. DOUGLAS II, ESQ.