UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

       Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

       Defendant.

_____/

## PLAINTIFFS' MOTION FOR REMAND

PLEASE TAKE NOTICE that Plaintiffs STASAN MARKETING, INC., a Florida corporation, RICHARD BLUMBERG and ESTELLE BLUMBERG (collectively, the "Plaintiffs"), by their undersigned counsel, shall move this Court for the entry of an Order remanding this action to the Seventeenth Judicial Circuit in and for Broward County, Florida.  For all the reasons set forth herein, Plaintiffs respectfully submit that the instant Motion should be granted in all respects.

## PROCEDURAL BACKGROUND

On or about December 30, 1999, Plaintiffs instituted the instant action against Defendant NETWORK STAFFING SERVICES, INC. ("NSSI") in the Seventeenth Judicial Circuit in and for Broward County, Florida, for specific relief pursuant to Section 607.1404, Florida Statutes, for inspection and copying of NSSI's books and records.  In addition, the

6105-0200 271277.1

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

Complaint also seeks declaratory relief to determine Plaintiffs' positions as shareholders and directors of NSSI.

NSSI was served with the Complaint on or about January 13, 2000. On or about February 1, 2000, NSSI served its Notice of Removal on Plaintiffs. Although NSSI's Notice of Removal alleges in Paragraph "2" that "[t]he state court has scheduled no hearings or other proceedings" in this action, there was actually an hour reserved by The Honorable W. Herbert Moriarty, Circuit Court Judge, to hear Plaintiffs' claim for specific relief pursuant to Section 607.1404, Florida Statutes, on March 2, 2000. (True and correct copies of the correspondence requesting a hearing date and the Notice of Hearing are attached hereto as Exhibits "A" and "B" respectively.) However, because Plaintiffs were served with the Notice of Removal, Plaintiffs had to cancel the hearing.

## ARGUMENT

Pursuant to 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded." "In a removal action, a district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case." Chittick v. Farmers Ins. Exchange, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994). "In ruling on a motion to remand, the non-movant bears the burden of showing that the requirements for removal have been met." Nichols v. Southeast Health Plan of Alabama, Inc., 859 F. Supp. 553, 556 (S.D. Al. 1993) (citing Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993); Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

NSSI removed this action alleging original jurisdiction pursuant to 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1332, the controversy must be between citizens of different states

and the matter in controversy must exceed the sum or value of Seventy-Five Thousand

($75,000.00) Dollars, exclusive of interest and costs.  However, NSSI has failed to properly

allege original jurisdiction in its Notice of Removal.  This Court lacks subject matter

jurisdiction over this case and NSSI cannot meet its burden of showing that the

requirements for removal have been met.

I.    **SINCE NSSI HAS INSUFFICIENTLY PLED DIVERSITY OF CITIZENSHIP THIS CASE MUST BE REMANDED TO STATE COURT.**

NSSI has insufficiently pled diversity of citizenship in its Notice of Removal.

Paragraph "5" of NSSI's Notice of Removal states:

> The Plaintiffs' Complaint correctly asserts that Plaintiffs are
> **residents** of the State of Florida, and that Defendant is a
> corporation organized and existing under and by virtue of the
> laws of the State of Texas.

(emphasis added).  Furthermore, Paragraph "6" of NSSI's Notice of Removal states:

> Defendant is a Texas corporation having its principal place of
> business in the State of Texas . . . Accordingly, Defendant is
> a citizen of Texas, and diversity of this action exists for
> purposes of 28 U.S.C. § 1332.

Although NSSI alleges that Defendant is a citizen of Texas in its Notice of Removal,

NSSI fails to allege that Plaintiffs are all citizens of the State of Florida.  NSSI merely states

that Plaintiffs are "residents" of the State of Florida.  A complaint that alleges merely

residency rather than citizenship, is insufficient to plead diverse citizenship for diversity

jurisdiction.  See Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984); Jones

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir.), cert. denied, 431 U.S. 941 (1977).  A plaintiff must plead citizenship "distinctly and affirmatively."   American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979).

Since NSSI must plead citizenship "distinctly and affirmatively" to invoke diversity jurisdiction of the federal courts, NSSI's Notice of Removal is defective.  Therefore, this case must be remanded to the Seventeenth Judicial Circuit in and for Broward County, Florida.

## II.  SINCE THE "PLAINTIFF-VIEWPOINT RULE" APPLIES IN THIS CIRCUIT FOR PURPOSES OF ESTABLISHING DIVERSITY JURISDICTION, THERE IS A LACK OF JURISDICTION IN THIS COURT.

The Eleventh Circuit has adopted the "plaintiff-viewpoint rule" for the purposes of diversity jurisdiction.   Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs, Inc., 120 F.3d 216 (11th Cir. 1997).  The theory behind this approach is that it is likely to produce greater certainty of results and promote simplicity. See Massachusetts State Pharm. Ass'n v. Federal Prescription Serv., Inc., 431 F.2d 130, 132 (8th Cir. 1970).

Plaintiffs' Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, states that the Circuit Court has jurisdiction pursuant to Section 607.1604(2), Florida Statutes, and does not allege any specific amount of damages. (See Complaint at ¶ 1).  "`It is well established that the amount in controversy is measured by the value of the object of the litigation'" in declaratory relief actions. Ericsson GE Mobile Communications, Inc., 120 F.3d at 218 (citations omitted).  Herein, Plaintiffs have filed an action for specific relief pursuant to Section 607.1604(2), Florida

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

Statutes, for inspection of NSSI's corporate books and records and for declaratory relief to determine the Plaintiffs' positions in NSSI.

One cannot properly measure the value of specific relief to inspect corporate books and records for jurisdictional purposes. Furthermore, it would be impossible to quantify the relief that Plaintiffs are seeking in Count II of the Complaint for a declaration as to their position in NSSI. It is impossible to evaluate what a shareholder or board of director position in a corporation is worth. In Walpert v. Walpert, 329 F. Supp. 25 (D.N.J. 1971), the district court determined that where the rights involved in the declaratory relief action were not subject to a pecuniary evaluation and any potential loss the plaintiff might suffer as a result of the relief was speculative and collateral to the proceeding, the amount in controversy was insufficient to bring the action within the jurisdiction of federal court. Id.

> `It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur.'

Id. at 26 (citing New England Mortgage Security Co., v. Gay, 145 U.S. 123, 130 (1892)). Herein, one cannot possibly put a pecuniary evaluation or monetary valuation on the relief sought by Plaintiffs. Furthermore, even if it is determined that Plaintiffs have no interest in NSSI as shareholders, directors or officers, such contingent loss Plaintiffs may sustain cannot determine jurisdiction.

Moreover, even if it is determined by this Court that the value of the 300 shares of stock in NSSI is the object of this litigation, which Plaintiffs vehemently believe it is not,



CASE NO. 00-6190-ZLOCH

NSSI still has not met the jurisdictional amount for diversity purposes.  (See Affidavits of

ESTELLE BLUMBERG and RICHARD BLUMBERG in Support of Plaintiffs' Motion for

Remand ("Affidavits") at ¶ 4, attached hereto as Exhibits "C" and "D" respectively.)  NSSI

has continually asserted to Plaintiffs that STASAN is not a shareholder of NSSI and

therefore, has no interest in NSSI.  (See Affidavits at ¶ 5.)  From in or about, October 21,

1999 through November 30, 1999, NSSI asserted that its records did not reflect that

STASAN had paid any legal consideration for its stock, was not a shareholder in NSSI and

that any such shares were in fact void.  (See Affidavits at ¶ ¶ 5-9.)  The last information

that was provided to Plaintiffs with regard to the worth of NSSI stock was that NSSI was

temporarily insolvent.  (See Affidavits at ¶ 10.)  Since NSSI has failed to provide any

corporate records to STASAN in response to its numerous requests to review the corporate

books and document, there is no possible way for STASAN to know the value of its stock

in NSSI.  (See Affidavits at ¶ 11.)  Based upon the Affidavits of Plaintiffs, there is a lack of

removal jurisdiction by this Court.

Although NSSI states in Paragraph "7" of its Notice of Removal that:

> [t]he amount in controversy in the subject action exceeds the
> sum of $75,000.00, exclusive of interest and costs.
> Specifically, and with respect to the amount in controversy, the
> stock which is at issue has a value substantially in excess of
> $75,000.00. (See accompanying declaration of Theodore W.
> Daniel, paragraph 3 of Plaintiffs' Original Complaint attached
> as Exhibit "A" thereto),

this allegation is insufficient.  Since this Circuit follows the "plaintiff-viewpoint rule," this

Court does not have removal jurisdiction.

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

## III.    PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS INCURRED IN MAINTAINING THIS ACTION IN THIS COURT.

Pursuant to 28 U.S.C. § 1447(c):  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As succinctly stated in Liebig v. DeJoy, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993):

> Prior to the amendment of Sec. 1447(c) in 1988, a showing of bad faith was required before attorney's fees would be awarded under this section since attorney's fees were not expressly provided for under the statute.  Schmidt v. National Organization for Women, 562 F. Supp. 210 (N.D. Fla. 1983).  In addition, the former Sec. 1447(c) required a finding that the Notice of Removal was improvidently filed before costs could be awarded.  Id.  The 1988 amendment to this statute, however, expressly provided for the award of attorneys' fees and eliminated the requirement that a Notice of Removal be improvidently filed before costs could be awarded. Two Circuit Courts have recently considered the standard to be applied when awarding fees and costs under this section and have determined that **a showing of bad faith is no longer necessary as a predicate to the award of attorney's fees, since the intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals.**  Moore v. Permanente Medical Group, Inc., 981 F.2d 443 (9th Cir. 1992); Morgan Guaranty Trust Company of New York v. Republic of Palau, 971 F.2d 917 (2d Cir. 1992).  Although [defendant] may have acted in good faith in filing [its] Notice of Removal, the Notice was both untimely and improper since the federal court lacked subject matter jurisdiction.  Therefore, **as a matter of fairness, Plaintiffs are entitled to recover from the Defendant . . . the actual amount of the expenses incurred** as a result of the improper removal of this action, including attorney's fees, subject to the approval of such award by this Court.

Id. (emphasis added).  Section "1447(c) does not require a finding of bad faith. . . Congress intended the statute to serve remedial, not punitive, purposes."  Shrader v. Legg Mason Wood Walker, Inc., 880 F. Supp. 366, 368 (E.D.Pa. 1995) (citations omitted).  "The presence or absence of good faith is not the standard for determining whether costs should be awarded.  Rather, `the proprietary of a defendant's removal [is the critical element] in

7

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

determining whether to impose fees.'" <u>Katonah v. U.S. Air, Inc.</u>, 876 F. Supp. 984, 990 (N.D. Ill. 1995).

Even if this Court determines that NSSI acted in good faith when it sought removal of this action from the state court, good faith is not a factor to be considered. The key element to be considered is the merit of the removal. NSSI has failed to properly plead diversity of citizenship in its Notice of Removal as an allegation of residency is insufficient. In addition, based upon the "plaintiff-viewpoint rule" and Plaintiffs' Affidavits in support of this Motion, there is no basis that the jurisdictional amount is satisfied. Since Plaintiffs have incurred significant attorneys' fees and costs in litigating this matter in this Court, Plaintiffs are entitled to be reimbursed for their attorneys' fees and costs incurred. Besides preparing this Motion, Plaintiffs have also incurred fees for defending the Motion to Dismiss[1] filed by NSSI. Since the state court may need to decide the issues raised in NSSI's Motion to Dismiss, Plaintiffs will likely be required to readdress these issues with the state court. Accordingly, Plaintiffs should be entitled to reimbursement for all actions taken in this Court.

In computing the amount of the attorney fee award in connection with remand of action, this Court multiplies the number of hours reasonably expended on litigation by a reasonable hourly rate based upon evidence submitted. <u>Summit Mach. Tool Mfg. Corp.</u> <u>v. Great Northern Ins. Co.</u>, 883 F. Supp. 1532 (S.D. Tex. 1995) (citations omitted). In the event that this Court grants Plaintiffs' Motion to Remand and grants Plaintiffs' request for

---

[1] A Motion to Dismiss for Lack of Personal Jurisdiction, or to Dismiss, Abate or Transfer Action Due to Prior Filed Action and/or Venue Concerns was served on Plaintiffs along with the Notice of Removal on or about February 1, 2000.

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

attorneys' fees and costs, Plaintiffs' counsel will provide affidavits and evidence in support

thereof.

## **CONCLUSION**

For all the reasons set forth herein, Plaintiffs STASAN MARKETING, INC., a Florida

corporation, RICHARD BLUMBERG and ESTELLE BLUMBERG respectfully request that

this Court enter an Order remanding this action to the Circuit Court of the Seventeenth

Judicial Circuit in and for Broward County, Florida, awarding attorneys' fees and costs

incurred in filing the Motion to Remand and defending the Motion to Dismiss, and granting

such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN, P.A.
Attorneys for Plaintiffs
STASAN MARKETING, INC., RICHARD
BLUMBERG and ESTELLE BLUMBERG
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By:_____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By:_____
SAMANTHA N. TESSER
Florida Bar No. 0148016

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this _3rd_ day of March, 2000 upon: ALEXANDER S. DOUGLAS, II, ESQ. and DAVID J. KOHS, ESQ., Pohl & Short, P.A., 280 West Canton Avenue, Suite 410, Winter Park, FL 32789.

_____
JAN DOUGLAS ATLAS


ATLAS PEARLMAN



# ATLAS PEARLMAN TROP & BORKSON
### P.A.
**A T T O R N E Y S   A T   L A W**

| | | |
|---|---|---|
| Jan Douglas Atlas | Joel D. Mayersohn | Of Counsel |
| Michael W. Baker | Matthew W. Miller | Jon A. Sale |
| Alan H. Baseman | William Nortman | Benedict P. Kuehne |
| Stephen W. Bazinsky | Brian A. Pearlman | |
| Roxanne K. Beilly | Charles B. Pearlman | |
| Elliot P. Borkson | Jonathan S. Robbins | |
| Deborah Ann Byles | James M. Schneider | |
| Robin Corwin Campbell | Wayne H. Schwartz | Director of |
| Rebecca G. DiStefano | Douglas Paul Solomon | Marketing and Development |
| Michael Greenwald | Samantha Nicole Teaser | Scott I. Cowan✢ |
| April I. Halle | Michael L. Trop | |
| Kip O. Lassner | Steven L. Weinberger | |
| Eric Lee | Kenneth P. Wurtenberger | |
| Andrew Lockwood | | ✢ not licensed to practice law |

January 26, 2000

**<u>VIA HAND DELIVERY</u>**

The Honorable W. Herbert Moriarty
Circuit Court Judge
Broward County Courthouse
Room 801
201 S.E. 6th
Fort Lauderdale, FL 33301

     Re:   Stasan Marketing, Inc., et al. v. Network Staffing Services, Inc.
            <u>Case No. 99-036612 (18)</u>

Dear Judge Moriarty:

     On or about December 30, 1999, Stasan Marketing, Inc., Richard Blumberg and Estelle Blumberg filed an action against Network Staffing Services, Inc. (the "Defendant") for specific relief pursuant to Section 607.1404, Florida Statutes, to allow the inspection and copying of corporate books and records, as well as for declaratory relief. Defendant was served with the Complaint on or about January 13, 2000. Pursuant to Section 607.1404(2), Florida Statutes, "the court shall dispose of an application under this subsection on an expedited basis." Therefore, we would like to request a specially set hearing for at least a half day to dispose of Plaintiffs' application to inspect Defendant's corporate records and to determine their rights.

## EXHIBIT A

6105-0200 266716.1

350 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301
Telephone (954) 763–1200 / Facsimile (954) 766–7800 / E-mail aptb@atlaslaw.com / Web site http://www.atlaslaw.com

FORT LAUDERDALE   •   MIAMI   •   BOCA RATON   •   NAPLES

The Honorable W. Herbert Moriarty
January 26, 2000
Page 2



Should you have any questions regarding the foregoing, please do not hesitate to contact me at any time.

Respectfully submitted,

SAMANTHA N. TESSER

SNT/sd
cc:    Stasan Marketing, Inc.
       Mr. Richard Blumberg
       Mrs. Estelle Blumberg
       Network Staffing Services, Inc.

6105-0200 266716.1

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.  99-022204 (18)

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

        Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

        Defendant.

_____/

## NOTICE OF HEARING
### (1 Hour Reserved)

TO:   NETWORK STAFFING SERVICES, INC.
      c/o Michael Logal
      4801 Spring Valley
      Suite 115-B
      Dallas, TX 75211

     PLEASE TAKE NOTICE that the undersigned will call up for hearing in the above-

styled case the following:

**SPECIFIC RELIEF PURSUANT TO SECTION 607.1404, FLORIDA STATUTES
RE: INSPECTION OF CORPORATE BOOKS AND RECORDS**

DATE:     Thursday, March 2, 2000    **CAL.**

TIME:     11:00 a.m.

JUDGE:   The Honorable W. Herbert Moriarty

6105-0200 267723.1



EXHIBIT B



ATLAS PEARLMAN
TROP & BORKSON
ATTORNEYS AT LAW

Case No. 99-022204 (18)

PLACE:    Broward County Courthouse
201 S.E. Sixth Street,  Room 801
Fort Lauderdale, FL  33301

ATLAS, PEARLMAN, TROP & BORKSON, P.A.
Attorneys for Plaintiff
STASAN MARKETING, INC., RICHARD
BLUMBERG and ESTELLE BLUMBERG,
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL  33301
(954) 763-1200

By: _____
SAMANTHA N. TESSER
Florida Bar No. 0148016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on this _____ day of February, 2000 upon: the above-named addressee.

_____
SAMANTHA N. TESSER

cc: Hon. W. Herbert Moriarty's Judicial Assistant (w/encl.)

6105-0200 267723.1

2



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

        Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

        Defendant.

_____/

### AFFIDAVIT OF ESTELLE BLUMBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND

ESTELLE BLUMBERG, being duly sworn, hereby deposes and says:

1.     I am an individual over the age of eighteen (18), as well as President, Registered Agent and Director of STASAN MARKETING, INC. and I make this Affidavit based upon personal knowledge of the facts stated herein.

2.     This Affidavit is submitted in support of Plaintiffs STASAN MARKETING, INC.'s ("STASAN"), RICHARD BLUMBERG's and ESTELLE BLUMBERG's (collectively, the "Plaintiffs") Motion for Remand.

3.     Although NETWORK STAFFING SERVICES, INC. ("NSSI") alleges in its Notice of Removal that the amount in controversy in the subject action exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and

6105-0200 271754.1

EXHIBIT C


ATLAS PEARLMAN

CASE NO. 00-6190-CIV-ZLOCH

costs, in that the stock at issue has a value substantially in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), this allegation is untrue.

4.    Plaintiffs are not seeking damages in their Complaint. Plaintiffs' are seeking to inspect the corporate books and records of NSSI and seeking a declaration by the Court to determine Plaintiffs' position in NSSI. One cannot quantify this type of relief.

5.    As to STASAN's position with NSSI, NSSI has continually asserted to Plaintiffs that STASAN is not a shareholder of NSSI and has no interest in NSSI.

6.    In particular, on or about, October 21, 1999, NSSI asserted that its records did not reflect that STASAN had paid any legal consideration for its stock and therefore, was not a shareholder. (See Exhibit "C" attached to the Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 99-022204 (18), on December 30, 1999 (the "Complaint")).

7.    Furthermore, on or about November 9, 1999, NSSI maintained once again that STASAN was not a shareholder of NSSI because it did not provide any consideration for its shares and that the shares were in fact "void". (See Exhibit "F" attached to the Complaint).

8.    In addition, on or about November 30, 1999, NSSI stated once again that it does not agree that STASAN was a shareholder of NSSI. (See Exhibit "H" attached to the Complaint).

9.    Therefore, based upon the foregoing representations of NSSI, STASAN has no value in NSSI.

2

ATLAS PEARLMAN

CASE NO.  00-6190-CIV-ZLOCH

10.    Furthermore, the last information that was provided to Plaintiffs with regard to the worth of NSSI stock was that NSSI was temporarily insolvent.

11.    Since NSSI has failed to provide any corporate records to STASAN, there is no possible way for STASAN to know the value of its stock in NSSI.

ATLAS PEARLMAN

STASAN MARKETING, INC.

BY:  Pres.

ESTELLE BLUMBERG

STATE OF FLORIDA          )
                          )SS:
COUNTY OF BROWARD         )

The foregoing instrument was acknowledged before me this 29th day of February, 2000, by ESTELLE BLUMBERG, as President of STASAN MARKETING, INC., who is personally known to me ~~or who has produced~~ _____ ~~as identification~~ and who ~~did/~~did not take an oath.

Notary Public:

sign _Susan Diamond_____

print _Susan Diamond_____

State of Florida (Seal)
My Commission Expires:

SUSAN DIAMOND
MY COMMISSION # CC 728819
EXPIRES: April 26, 2002
Bonded Thru Notary Public Underwriters



_____

ESTELLE BLUMBERG

STATE OF FLORIDA )
                    )SS:
COUNTY OF BROWARD )

The foregoing instrument was acknowledged before me this 29th day of February, 2000, by ESTELLE BLUMBERG, who is personally known to me ~~or who has produced _____ as identification~~ and who ~~did/~~did not take an oath.

Notary Public

sign _Susan Diamond_

print _Susan Diamond_

State of Florida
My Commission Expires



SUSAN DIAMOND
MY COMMISSION # CC 728819
EXPIRES: April 26, 2002
Bonded Thru Notary Public Underwriters

ATLAS PEARLMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

        Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

        Defendant.

_____/

## AFFIDAVIT OF RICHARD BLUMBERG IN SUPPORT OF
## PLAINTIFFS' MOTION FOR REMAND

RICHARD BLUMBERG, being duly sworn, hereby deposes and says:

1.      I am an individual over the age of eighteen (18) and I make this Affidavit based upon personal knowledge of the facts stated herein.

2.      This Affidavit is submitted in support of Plaintiffs STASAN MARKETING, INC.'s ("STASAN"), RICHARD BLUMBERG's and ESTELLE BLUMBERG's (collectively, the "Plaintiffs") Motion for Remand.

3.      Although NETWORK STAFFING SERVICES, INC. ("NSSI") alleges in its Notice of Removal that the amount in controversy in the subject action exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, in that the stock at issue has a value substantially in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), this allegation is untrue.

6105-0200 271655.1

EXHIBIT ___D___



CASE NO. 00-6190-CIV-ZLOCH

4.     Plaintiffs are not seeking damages in their Complaint.  Plaintiffs' are seeking to inspect the corporate books and records of NSSI and seeking a declaration by the Court to determine Plaintiffs' position in NSSI.  One cannot quantify this type of relief.

5.     As to STASAN's position with NSSI, NSSI has continually asserted to Plaintiffs that STASAN is not a shareholder of NSSI and has no interest in NSSI.

6.     In particular, on or about, October 21, 1999, NSSI asserted that its records did not reflect that STASAN had paid any legal consideration for its stock and therefore, was not a shareholder.  (See Exhibit "C" attached to the Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 99-022204 (18), on December 30, 1999 (the "Complaint")).

7.     Furthermore, on or about November 9, 1999, NSSI maintained once again that STASAN was not a shareholder of NSSI because it did not provide any consideration for its shares and that the shares were in fact "void".  (See Exhibit "F" attached to the Complaint).

8.     In addition, on or about November 30, 1999, NSSI stated once again that it does not agree that STASAN was a shareholder of NSSI.  (See Exhibit "H" attached to the Complaint).

9.     Therefore, based upon the foregoing representations of NSSI, STASAN has no value in NSSI.

10.    Furthermore, the last information that was provided to Plaintiffs with regard to the worth of NSSI stock was that NSSI was temporarily insolvent.

2



CASE NO.  00-6190-CIV-ZLOCH

11.    Since NSSI has failed to provide any corporate records to STASAN, there is no possible way for STASAN to know the value of its stock in NSSI.



_____
RICHARD BLUMBERG

STATE OF FLORIDA       )
                         )SS:
COUNTY OF BROWARD    )

The foregoing instrument was acknowledged before me this 24th day of February, 2000, by RICHARD BLUMBERG, who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

Notary Public



sign Susan Diamond _____

print Susan Diamond _____
State of Florida
My Commission Expires

SUSAN DIAMOND
MY COMMISSION # CC 728819
EXPIRES: April 26, 2002
Bonded Thru Notary Public Underwriters

