UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

    Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

    Defendant.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT NETWORK STAFFING SERVICES, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR TO DISMISS, ABATE OR TRANSFER ACTION DUE
TO PRIOR FILED ACTION AND/OR VENUE CONCERNS**

Plaintiffs STASAN MARKETING, INC.,[1] a Florida corporation, RICHARD BLUMBERG ("RICHARD") and ESTELLE BLUMBERG ("ESTELLE") (collectively, the "Plaintiffs"), by their undersigned counsel, hereby serve their Memorandum of Law in Opposition to Defendant NETWORK STAFFING SERVICES, INC.'s ("NSSI") Motion to Dismiss for Lack of Personal Jurisdiction, or to Dismiss, Abate or Transfer Action Due to Prior Filed Action and/or Venue Concerns ("Motion to Dismiss"). For all the reasons set

---

[1] Although the Plaintiff STASAN MARKETING, INC. is known by Defendant NETWORK STAFFING SERVICES, INC. as such, the corporation is also known as STASAN, INC., a corporation organized and existing by virtue of the laws of the State of Florida.

6105-0200 271834.1



CASE NO. 00-6190-ZLOCH

forth herein, Plaintiffs respectfully submit that the Motion to Dismiss must be denied in all respects.

## PROCEDURAL BACKGROUND

Plaintiffs instituted the instant action against NSSI in the Seventeenth Judicial Circuit in and for Broward County, Florida, on or about December 30, 1999. NSSI was served with the Complaint on or about January 11, 2000. On or about February 1, 2000, NSSI served a Notice of Removal to this Court as well as a Motion and Memorandum in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or to Dismiss, Abate or Transfer Action Due to Prior Filed Action and/or Venue Concerns.[2]

Plaintiffs' Complaint seeks specific relief pursuant to Section 607.1604(2), Florida Statutes, as well as declaratory relief to determine Plaintiffs' positions in NSSI. On or about October 7, 1999, ESTELLE, on behalf of STASAN as President, made demand upon NSSI pursuant to Section 2.44 of the Texas Business Corporation Act, to inspect and copy the books and records of NSSI ("Demand").[3] On or about October 21, 1999, NSSI asserted that its records did not reflect that STASAN had paid any legal consideration for its stock and therefore, STASAN was not a shareholder. Instead of complying with the Demand, NSSI stated that it would not comply until it was satisfied that STASAN was a

---

[2]Plaintiffs filed their Motion for Remand to the Seventeenth Judicial Circuit in and for Broward County, Florida, on March 3, 2000, and by filing this Memorandum in Opposition to NSSI's Motion to Dismiss do not waive their right to remand.

[3]See Exhibit "B" attached to the Complaint.

6105-0200 271834.1

2

CASE NO. 00-6190-ZLOCH

shareholder of the company.[4]  Thereafter, on or about October 29, 1999, STASAN responded to NSSI's correspondence in that NSSI had continually acknowledged STASAN as a shareholder of NSSI and demanded for the second time that NSSI comply with the Demand.[5]  On or about November 5, 1999, STASAN made its third Demand on NSSI which attached STASAN's appropriate stock certificate as an Exhibit to support STASAN's position that it was a shareholder.[6]

On or about November 9, 1999, NSSI maintained once again that STASAN was not a shareholder of NSSI because it did not provide any consideration for its shares and that its shares were in fact, "void."[7]  Although NSSI agreed to make certain records available to STASAN for its review, it still maintained that STASAN was not a shareholder of NSSI.  Before sending a representative to Texas to inspect NSSI's records, RICHARD, a representative of STASAN and director of NSSI, wrote to NSSI on or about November 22, 1999, in order to insure that the appropriate documents would be available for inspection prior to traveling to Texas.[8]  In response to RICHARD's correspondence, on or about November 30, 1999, NSSI asserted that STASAN was not a shareholder of NSSI and that

---

[4]See Exhibit "C" attached to the Complaint.

[5]See Exhibit "D" attached to the Complaint.

[6]See Exhibit "E" attached to the Complaint.

[7]See Exhibit "F" attached to the Complaint.

[8]See Exhibit "G" attached to the Complaint.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6190-ZLOCH

certain document requests were not books and records of the corporation and would not be available for review.[9]

On or about December 9, 1999, a final demand was made upon NSSI by STASAN pursuant to both the Texas Business Corporation Act and Sections 607.1601, 607.1602 and 607.1603, Florida Statutes, to inspect and copy the books and records of NSSI.[10] However, because NSSI would not comply with Plaintiffs' demands, Plaintiffs instituted the instant action.

In addition, due to the fact that NSSI continually responded to Plaintiffs' demands for inspection by asserting that STASAN was not a shareholder of NSSI, STASAN also sought declaratory relief in the Complaint to determine STASAN's position in NSSI. Furthermore, because both ESTELLE and RICHARD were directors of NSSI and NSSI continually did not recognize them as such, Plaintiffs also included a claim for declaratory relief to determine ESTELLE and RICHARD's positions in NSSI.

## ARGUMENT

### I. THIS COURT DOES NOT LACK PERSONAL JURISDICTION OVER NSSI.

In analyzing NSSI's Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court must first determine whether the applicable long-arm statute potentially confers jurisdiction over NSSI, and then determine whether the exercise of jurisdiction comports with due process. Republic of Panama v. BCCI Holdings (Luxemburg) S.A., 119 F.3d 935, 942 (11th Cir. 1997); Norris v. Davis, 958 F. Supp. 606, 609-10 (S.D. Fla. 1997).

---

[9] See Exhibit "H" attached to the Complaint.

[10] See Exhibit "I" attached to the Complaint.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6190-ZLOCH

In a federal diversity action, the presence of personal jurisdiction is determined according to the law of the state in which the District Court is situated. The Court must therefore first look to the applicable state long-arm statute, Section 48.193, Florida Statutes. Norris, 958 F. Supp. at 610. Florida's long-arm statute must be strictly construed, and the burden of proving facts which justify use of the statute is on Plaintiff. Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (11th Cir. 1983); Coca-Cola Foods v. Empresa Comercial De Frutas S.A., 941 F. Supp. 117 5 (M.D. Fla. 1996). The Complaint must allege specific facts sufficient to justify invocation of Section 48.193, Florida Statutes. Gulf Atlantic Transport v. Offshore Tugs, Inc., 740 F. Supp. 823 (M.D. Fla. 1990).

Plaintiffs allege specific facts sufficient to justify invocation of Section 48.193, Florida Statutes in their Complaint. Pursuant to Section 48.193, Florida Statutes, any person, whether or not a citizen or resident of Florida, who operates, conducts, engages in, or carries on a business or business venture in this state or having an office or agency in this state or committing a tortious act within this state, submits himself to the jurisdiction of Florida for any cause of action that arises therefrom. Fla. Stat. § 48.193(1)(a)-(b). The Complaint asserts that NSSI operates and conducts business in Fort Lauderdale, Florida. Although NSSI alleges in its Motion to Dismiss that NSSI no longer conducts business in Florida, recent correspondence from NSSI attached hereto as Exhibits "A," "B" and "C," evidence that NSSI is currently doing business in Dallas, Florida, Colorado and Georgia as these locations are printed on NSSI's letterhead. Even if it is determined that NSSI no



CASE NO. 00-6190-ZLOCH

longer does business in Florida, NSSI is holding itself out as doing business in Florida and therefore, should not be able to claim that there is no jurisdiction in Florida over NSSI.

Moreover, the correspondence that led to this lawsuit was sent to Plaintiffs by NSSI in Fort Lauderdale, Florida when NSSI refused to comply with Plaintiffs' demands for inspection. In addition, NSSI has committed a tortious act within this state through its business in NSSI as Plaintiffs demanded inspection of NSSI's books and records and it did not comply.

Furthermore, pursuant to Section 48.193(2), Florida Statutes:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, **whether or not a claim arises from that activity.**

(emphasis added). NSSI currently has ongoing business with at least two Florida companies.[11] These companies are Creative Staffing, Inc. located in Miami, Florida and Stafffunds Unlimited located in Jacksonville, Florida. Therefore, even if it is determined by this Court that Plaintiffs' claims do not arise from NSSI's business activities in Florida, since NSSI is holding itself out as conducting business activities in Florida and is actually conducting business in Florida, NSSI should still be subject to personal jurisdiction in the State of Florida.

The second prong of the jurisdiction test is due process analysis. This analysis is a two prong inquiry requiring the Court to initially determine whether sufficient minimum

---

[11] See Affidavits of ESTELLE BLUMBERG and RICHARD BLUMBERG in Support of Plaintiffs' Memorandum of Law in Opposition to NSSI's Motion to Dismiss.

ATLAS PEARLMAN P.A.
ATTORNEYS AT LAW

CASE NO. 00-6190-ZLOCH

contacts exist between NSSI and Florida to satisfy the due process clause of the Fourteenth Amendment. Madara v. Hall, 916 F.2d 15 10 (11th Cir. 1990); Coca Cola Foods, 941 F. Supp. at 1179. The second prong under the due process analysis requires the court to determine that the maintenance of the action is reasonable and does not violate "traditional notions of fair play and substantial justice." Id. (quoting International Shoe v. Washington, 326 U.S. 310, 316 (1945)). "The Eleventh Circuit has interpreted the minimum contacts test as a threshold inquiry to precede any inquiry into fair play and substantial justice." Norris, 958 F. Supp. at 610.

The first prong of this constitutional phase of the jurisdictional analysis requires the Court to consider whether NSSI has purposefully established minimum contacts with Florida out of which the instant action arises. Coca Cola Foods, 941 F. Supp. at 1181. The Court's minimum contacts test is based on whether NSSI purposefully availed itself of the privilege of conducting activities with Florida, thus invoking the benefits and protection of its laws. Id. "This purposeful availment requirement insures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated context, or of the unilateral activity of another party or a third person." Id. (citations omitted).

The Complaint itself and correspondence from NSSI to Plaintiffs establish that NSSI has minimum contacts with Florida and has purposefully availed itself of the privilege of conducting activities with Florida. Moreover, NSSI's alleged President, Michael P. Logal's ("Logal") own Affidavit filed in support of NSSI's Motion to Dismiss further supports that NSSI has established minimum contacts in Florida by registering with the State of Florida



CASE NO. 00-6190-ZLOCH

to conduct business here. Although Mr. Logal asserts that NSSI no longer conducts business in Florida, this position is undermined by NSSI's own corporate stationary that lists Florida as a place NSSI does business. A foreign corporation that conducts business activities in Florida and is not registered to do business here, "submits itself to jurisdiction in Florida where a shareholder seeks inspection of the corporate books." Morley v. Slider, 549 So. 2d 242 (Fla. 4th DCA 1989). Even if it is determined that NSSI is not registered to transact business in Florida, because it holds itself out as transacting business in Florida, it submits itself to the jurisdiction of Florida. Besides, NSSI currently has ongoing business with at least two Florida companies.[12] These companies are Creative Staffing, Inc. located in Miami, Florida and Stafffunds Unlimited located in Jacksonville, Florida.

Furthermore, although Mr. Micheal P. Logal's affidavit filed in support of NSSI's Motion to Dismiss states otherwise, NSSI's stock is partially owned by a Florida corporation and two of NSSI's directors are Florida residents. STASAN is a Florida corporation that owns 300 shares of the stock in NSSI and both ESTELLE and RICHARD are Florida residents that serve as directors of NSSI.[13] Thus, because NSSI has availed itself of the benefit of doing business in Florida by holding itself out as doing business in Florida, by having a primary shareholder that is a Florida corporation, by having directors that are Florida residents and by currently doing business in Florida, Plaintiffs have a right to seek specific and declaratory relief in a Florida court.

---

[12] See Affidavits of ESTELLE BLUMBERG and RICHARD BLUMBERG in Support of Plaintiffs' Memorandum of Law in Opposition to NSSI's Motion to Dismiss.

[13] See id.

6105-0200 271834.1

8



CASE NO. 00-6190-ZLOCH

The second prong of the due process analysis requires the Court to determine whether notions of fair play and substantial justice comport with the exercise of personal jurisdiction over NSSI. Id. at 1182. To determine whether the assertion of personal jurisdiction over NSSI will comport with fair play and substantial justice, NSSI's contact with the State of Florida must be considered in light of several factors. These factors include the following: (1) the burden on NSSI in defending the lawsuit in the State of Florida, (2) the State of Florida's interest in adjudicating the dispute, and (3) Plaintiffs' interest in obtaining convenient and effective relief. Id. at 1182. NSSI has a primary shareholder that is a Florida corporation, has directors that are Florida residents and is currently doing business in the State of Florida. Even if it is determined that NSSI currently does not do business in Florida, it holds itself out as doing business in Florida and has had substantial contact with the State of Florida in the past by registering to transact business there. Plaintiffs submit that the assertion of personal jurisdiction over NSSI would comport with fair play and substantial justice under the second prong of the due process analysis.

II. **THIS ACTION SHOULD NOT BE DISMISSED, ABATED OR TRANSFERRED DUE TO PRIOR ACTION FILED.**

Although NSSI argues in its Motion to Dismiss that this action should be dismissed, abated or transferred due to a pending action in the State of Texas because of the "first filed rule," there are special circumstances which justify giving priority to this action or at least not dismissing this action.

> The first filed rule is not to be applied in a mechanical way, and courts have recognized several `special circumstances' which warrant exceptions to the rule. One such circumstance occurs when a party files suit seeking a


ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

declaratory judgment immediately after receiving notice of a planned suit from the other party, thus winning a 'race to the courthouse.'

Cooperative Centrale Raiffeisen-Boerenleen Bank B.A. v. Northwestern Nat'l Ins. Co. of Milwaukee, Wisconsin, 778 F. Supp.1274, 1278 (S.D.N.Y. 1991) (citations omitted). See also, Federal Ins. Co. v. May Dept. Stores Co., 808 F. Supp. 347 (S.D.N.Y. 1992) (departure from first filed rule may be warranted after careful consideration of particular circumstances of given case taken as a whole); Budget Rent A Car Corp. v. Miljack, Inc., 760 F. Supp. 135 (N.D. Ill. 1991) (although declaratory action was filed first in another jurisdiction, later action pre-empted previous suit because there was broader relief requested in later filed action that would address relief sought in first filed suit and later action had progressed further).

    Moreover, in Centennial Life Ins. Co. v. Poston, 88 F.3d 255 (4th Cir. 1996), the Fourth Circuit determined that the district court did not abuse its discretion in dismissing an action for declaratory relief even though the action was filed before another action which sought similar relief because the party who filed first had constructive notice of other party's intent to sue. Id. In addition, although the declaratory judgment would settle part of the controversy between the parties, the Court determined that it would not settle the entire matter. The Court "[d]eclined to place undue significance on the race to the courthouse door." Id. at 258. A court should also consider "which of the two actions will best serve the needs of the parties by providing a comprehensive solution to the entire controversy." Koch Engineering Co., Inc. v. Monsanto Co., 621 F. Supp. 1204 (E.D. Mo. 1985) (citing

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

<u>Ven-Fuel, Inc. v. Dept. of the Treasury</u>, 673 F.2d 1194, 1195 (11th Cir. 1992) (citations omitted)).

Before dismissing an action over which this Court has subject matter jurisdiction and in which there exists personal jurisdiction over all parties, a Court must conduct a rigorous analysis of certain factors including a determination as to:

> The similarities of parties and issues involved, promotion of judicial efficiency, adequacy of relief available in the alternative forum, considerations of fairness to all parties and possible prejudice to any of them and the temporal filing of each action.

<u>In re Houbigant, Inc. v. ACB Mercantile, Inc.</u>, 914 F. Supp. 997, 1003 (S.D.N.Y. 1996), (citing <u>Caspean Investments, Ltd. v. Vicom Holdings, Ltd.</u>, 770 F. Supp. 880, 884 (S.D.N.Y. 1991)). Each of these factors establish that this matter must not be dismissed.

Although an action was instituted in the Northern District of Texas against STASAN on or about December 10, 1999, by Debra V. Logal and Michael P. Logal, two purported officers of NSSI (the, "Texas Action"), NSSI had notice that an action for specific relief would be instituted when it received the first demand which was sent on or about October 7, 1999.[14] After the second demand was made on NSSI on or about October 29, 1999, NSSI was put on notice that should it not adhere to the demand, it could be liable for attorneys' fees incurred in enforcing STASAN's rights pursuant to the demand in addition to any other damages or remedy afforded them by law.[15]

---

[14] <u>See</u> Exhibit "B" attached to Complaint.

[15] <u>See</u> Exhibit "D" attached to Complaint.

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

Although NSSI relies on an Affidavit filed by Theodore W. Daniel, Esq. ("Daniel") stating that Plaintiffs filed their action only after they were put on notice of the Texas Action, Mr. Daniel was also put on notice that this lawsuit would be instituted should NSSI fail to provide Plaintiffs with the documents they requested as Mr. Daniel was copied on all of the responses prepared by NSSI to Plaintiffs.[16]

The Texas Action does not involve the same parties to this action as it was instituted by Michael P. Logal and Debra V. Logal against STASAN[17] and does not name NSSI, ESTELLE or RICHARD as parties. The Texas Action seeks only declaratory relief as to whether STASAN's 300 shares of stock in NSSI are valid, it does not address Plaintiffs' right to inspection of NSSI's books and records or RICHARD and ESTELLE's positions in NSSI. To say that the causes of action in both actions are substantially similar is inaccurate.[18] Based upon the foregoing factors, Plaintiffs submit that this action should not be dismissed, abated or transferred due to prior action filed.

---

[16] See Exhibits "A", "B" and "C" attached hereto and Affidavit of Samantha N. Tesser, Esq. filed in Support of Plaintiffs' Memorandum of Law in Opposition to NSSI's Motion to Dismiss.

[17] STASAN has filed a Motion to Dismiss for Lack of Personal Jurisdiction, for Failure to Join an Indispensable Party and for Lack of Personal Jurisdiction in the Texas Action as well as a Brief in support thereof which was filed on or about February 29, 2000.

[18] See Affidavit of Samantha N. Tesser, Esq. filed in Support of Plaintiffs' Memorandum of Law in Opposition to NSSI's Motion to Dismiss.

98/4687.900/126839.1

12

ATLAS PEARLMAN

CASE NO. 00-6190-ZLOCH

### III. THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE.

Venue is proper in the Southern District of Florida[19] as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Florida. 28 U.S.C. § 1391 provides in pertinent part:

> (a)   A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .**
>
> . . .
>
> (c)   **For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.**
>
> . . .

(emphasis added). Plaintiffs seek specific relief pursuant to Section 607.1604(2), Florida Statutes, for inspection and copying of NSSI's corporate books and records and declaratory relief to determine Plaintiffs' positions in NSSI. All of Plaintiffs' demands to NSSI to review its records which gave rise to their claims arose out of correspondence written from Fort Lauderdale, Florida. Furthermore, all of NSSI's correspondence in response to Plaintiffs' demands, which are the basis of this lawsuit, were received in Fort Lauderdale, Florida. In <u>Bates v. C&S Adjusters, Inc.</u>, 980 F.2d 865, 867-68 (2d Cir. 1992),

---

[19]Plaintiffs filed their Motion for Remand on March 3, 2000, and by asserting that venue is proper in the Southern District of Florida, do not waive their right to remand to the Seventeenth Judicial Circuit in and for Broward County, Florida.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6190-ZLOCH

the Court determined that the receipt of a collection notice was a substantial part of the events that gave rise to a claim under the Fair Debt Collection Practices Act. <u>Id.</u> In <u>Wachtel v. Storm</u>, 796 F. Supp. 114, 116 (S.D.N.Y. 1992), a substantial part of the events that gave rise to a defamation claim occurred where the defamatory letter was published. <u>Id.</u>

For NSSI to argue that a substantial part of the events or omissions giving rise to Plaintiffs' claims did not occur in the Southern District of Florida is without merit. Not only did NSSI take affirmative action on Plaintiffs' demands by sending correspondence to Plaintiffs in Fort Lauderdale, it also refused to comply with their demands in Fort Lauderdale by not providing Plaintiffs with access to NSSI's books and records in Fort Lauderdale. Although both <u>Bates</u> and <u>Wachtel</u> dealt with dissimiliar causes of action as alleged herein, in order to state a claim for specific relief pursuant to Section 607.1604(2), Florida Statutes, the corporation must deny access to the books and records. NSSI denied Plaintiffs' requests that were made in the Southern District of Florida and NSSI's refusal to comply with their demands was received by Plaintiffs in the Southern District of Florida.

In addition, pursuant to 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." As previously discussed in Argument I of this Memorandum, NSSI is subject to personal jurisdiction in Florida as even if it is determined that NSSI no longer conducts business in Florida, it currently holds itself out as doing business in Florida, has a substantial shareholder that is a Florida corporation and has directors that are Florida residents. Since NSSI has enough contacts with Florida to allow



CASE NO. 00-6190-ZLOCH

this Court to exercise personal jurisdiction over NSSI in Florida, venue is proper in the Southern District of Florida.

Should this Court determine that venue is proper in the Southern District of Florida, this case should not be transferred for the convenience of the parties and witnesses or in the interest of justice. A plaintiff's choice of forum is of paramount concern. <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970), <u>cert. denied</u>, 401 U.S. 910 (1971). "'The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" <u>Robinson v. Giamarco & Bill, P.C.</u>, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). In <u>Robinson</u>, the Eleventh Circuit determined that it was not an abuse of discretion to deny a motion to transfer venue because it found that the transfer "would merely shift inconvenience from the defendants to the plaintiff, implying that the plaintiff's choice of forum was not outweighed by other factors." <u>Id.</u> at 260.

> It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice `should not be lightly disturbed.' In accord with that sound doctrine, one district court recently correctly observed: `The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted.' The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer and `unless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail.'
> . . .
> As the Supreme Court stated. . .
> `There is nothing in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue.'

<u>Shutte</u>, 431 F.2d at 25 (citations omitted). A balance of the proper interests do not weigh in favor of transferring this matter to Texas as a transfer would merely shift the



CASE NO. 00-6190-ZLOCH

inconvenience to the Plaintiffs. Since plaintiff's choice of forum is of paramount concern, venue should not be transferred.

## CONCLUSION

For all the reasons set forth herein, Plaintiffs STASAN MARKETING, INC., a Florida corporation, RICHARD BLUMBERG and ESTELLE BLUMBERG respectfully submit that Defendant NETWORK STAFFING SERVICES, INC.'s Motion to Dismiss for Lack of Personal Jurisdiction or to Dismiss, Abate or Transfer Action Due to Prior Filed Act and/or Venue Concerns should be denied in all respects and this matter should be allowed to proceed to trial, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Attorneys for Plaintiffs
STASAN MARKETING, INC., RICHARD
BLUMBERG and ESTELLE BLUMBERG
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 768-1200

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
SAMANTHA N. TESSER
Florida Bar No. 0148016

98/4687.900/126839.1

16

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6190-ZLOCH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished by mail this 6th day of March, 2000, upon: ALEXANDER S. DOUGLAS, II, ESQ. and DAVID J. KOHS, ESQ., Pohl & Short, P.A., 280 West Canton Avenue, Suite 410, Winter Park, FL 32789.

_____
JAN DOUGLAS ATLAS

98/4687.900/126839.1

17


ATLAS PEARLMAN P.A.
ATTORNEYS AT LAW

# NETWORK STAFFING SERVICES, INC.

*Committed to Our Customer's Success*

October 21, 1999

Jan Atlas
Atlas Pearlman Trop & Borkson, P.A.
New River Center
Suite 1900
200 East Las Olas Blvd.
Ft. Lauderdale, FL 33301

Re:   Statutory demand to inspect the books and records of Network Staffing Services, Inc. (the "Company")

Dear Mr. Atlas:

We have received your letter dated October 7, 1999, concerning the demand by Mrs. Estelle Blumberg to inspect the books and records of the Company. We note that Mrs. Blumberg is not a shareholder of record of the Company. However, in the interests of maintaining an amicable dialog between the Company and your client, we recognize that Mrs. Blumberg controls an entity by the name of Statsan Marketing, Inc. ("Statsan"), which maintains that it is a shareholder of the company. Unfortunately, Company records do not reflect that Statsan paid any legal consideration for its stock. Please provide to us evidence of Statsan's payment of consideration for common stock of the Company.

Once we have been satisfied that Statsan is indeed a shareholder of the Company, the Company will make available to any agent, accountant or attorney of Statsan, at any reasonable time, the Company's relevant books and records of account, minutes and share transfer records, in accordance with Section 2.44 of the Texas Business Corporation Act.

Please feel free to call me if you would like to discuss these matters further.

Sincerely,

Deborah V. Logal
Corporate Secretary

cc:   Ted Daniel, Esq.

Via: facsimile 954-766-7800
Also: certified - "return receipt requested" US Postal Service

EXHIBIT A

DALLAS • FLORIDA • COLORADO • GEORGIA

**NETWORK STAFFING SERVICES, INC.**
*Committed to Our Customer's Success*

November 9, 1999

Jan Atlas
Atlas Pearlman Trop & Borkson, P.A.
New River Center
Suite 1900
200 East Las Olas Blvd.
Ft. Lauderdale, FL 33301

Re:  Network Staffing Services, Inc. (the "Company")

Dear Mr. Atlas:

    We have received your letter dated November 5, 1999, with respect to the demand by Statsan Marketing, Inc. ("Statsan") to review the Company's books and records of account, minutes and stock transfer records (collectively, the "Records"). As you know, we take issue with your opinion that "Statsan is under no obligation to provide any proof of consideration when it has been issued a stock certificate by the Company." In the absence of valid consideration, the shares are void and Statsan has no right to review the Records. It is also our understanding that Statsan is not even a Florida corporation. Subject to the Company's rights with respect to the issue of whether or not Statsan is indeed a shareholder of the Company, the Company hereby makes the Records available to Statsan. Please give us reasonable notice of when you and your client would like to review such documentation so that it can be set aside for your review.

    I look forward to hearing from you.

                      Sincerely,

                        Deborah V. Logal
                        Corporate Secretary

ML/sd

cc:  Ted Daniel, Esq.

Dallas1 557487 v 1. 44164.00001

EXHIBIT B

DALLAS • FLORIDA • COLORADO • GEORGIA

**NETWORK STAFFING SERVICES, INC.**

*Committed to Our Customer's Success*

Richard Blumberg
3020 N. Atlantic Blvd
Ft. Lauderdale, Florida 33308

Re:   Network Staffing Services, Inc. (the "Company")

Dear Richard:

Thank you for your letter to the Company dated as of November 22, 1999. First let me reiterate our position that while we do not necessarily agree with the contention that Statsan Marketing, Inc. is a shareholder of Company, in the interest of maintaining a dialogue between the Company and you and Estelle Blumberg, the Company agrees to make its books and records of account, minutes and stock transfer records (the "Records") available for inspection. Unfortunately, neither December 8, 1999 nor December 9, 1999 are available dates given the time of year and certain previously-made commitments. However, we will be able to make the Records available to you for your inspection on December 14-15, 1999 and January 5, 2000.

With respect to your specific document production requests, the Company will only be providing to you for review the Company's Records. As contracts are not "books and records of account," the Company will not be producing same. Furthermore, if even such contracts were "books and records and account," you have not indicated any proper purpose for such review.

Please feel free to call either Michael or me prior to your arrival so that we may set aside the appropriate documentation. As you mentioned in your letter, we look forward to meeting with you when you are in Dallas.

If you have any further questions or comments, please feel free to call me at your convenience.

Sincerely,

Deborah V. Logal
Corporate Secretary

cc:   Ted Daniel, Esq

Dallas1 560405 v 1, 44164.00001

DALLAS • FLORIDA • COLORADO • GEORGIA

TOTAL P.01

EXHIBIT C