UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

    Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

    Defendant.
_____/

**AFFIDAVIT OF SAMANTHA N. TESSER, ESQ. IN SUPPORT OF
PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT NETWORK STAFFING SERVICES, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR TO DISMISS, ABATE OR TRANSFER ACTION DUE
TO PRIOR FILED ACTION AND/OR VENUE CONCERNS**

SAMANTHA N. TESSER, ESQ., being duly sworn, hereby deposes and says:

1.    I am an individual over the age of eighteen (18), and I make this Affidavit based upon personal knowledge of the facts stated herein.

2.    This Affidavit is submitted in support of Plaintiffs' Memorandum of Law in Opposition to Defendant NETWORK STAFFING SERVICES, INC.'s ("NSSI") Motion to Dismiss for Lack of Personal Jurisdiction or to Dismiss, Abate or Transfer Action Due to Prior Filed Action and/or Venue Concerns.



6105-0200 271983.1

CASE NO. 00-6190-CIV-ZLOCH

3. I am an attorney with the law firm of Atlas Pearlman, P.A. who represents STASAN MARKETING, INC., RICHARD BLUMBERG and ESTELLE BLUMBERG (collectively, the "Plaintiffs) in the above-referenced matter.

4. Although Atlas Pearlman, P.A. was on notice of an action filed by Michael P. Logal and Debra V. Logal against STASAN MARKETING, INC. in the United States District Court, Northern District of Texas ("Texas Action"), on or about December 10, 1999, the relief sought in that action is not substantially similar to the causes of action asserted herein by the Plaintiffs.

5. Furthermore, the Texas Action involves different parties as NSSI, RICHARD BLUMBERG and ESTELLE BLUMBERG are not even named parties to the action.

6. In fact, although the Texas Action was filed on or about December 10, 1999, the causes of action asserted in the instant lawsuit actually originated in or about October 7, 1999, when ESTELLE BLUMBERG on behalf of STASAN MARKETING, INC., made demand upon NSSI pursuant to Section 2.44 of the Texas Business Corporation Act, to inspect and copy the books and records of NSSI. Therefore, NSSI was on notice that an action would be instituted against NSSI if NSSI did not comply with the several demands for inspection made by Plaintiffs on or about October 7, 1999, October 29, 1999, November 5, 1999 and December 9, 1999.

7. Moreover, the attorney who instituted the Texas Action, Theodore W. Daniel, Esq., for NSSI was on notice that there would be a potential lawsuit filed against NSSI should NSSI fail to produce its books and records as all responses to Plaintiffs' demands

CASE NO. 00-6190-CIV-ZLOCH

on NSSI were copied to Theodore W. Daniel, Esq., as shown on the attached correspondence from NSSI dated October 21, 1999, November 9, 1999 and an undated letter in response to RICHARD BLUMBERG's letter of November 22, 1999, attached hereto as Exhibits "A," "B" and "C," respectively.

_____
SAMANTHA N. TESSER

SWORN TO AND SUBSCRIBED BEFORE me this 6+h day of March, 2000, by SAMANTHA N. TESSER, who is personally known to me or who has produced as identification and who did/did not take an oath.

Notary Public:

sign _Susan Diamond_____

print _Susan Diamond_____

State of Florida at Large (Seal)
My Commission Expires:

```
SUSAN DIAMOND
MY COMMISSION # CC 728819
EXPIRES: April 26, 2002
Bonded Thru Notary Public Underwriters
```

**NETWORK STAFFING SERVICES, INC.**

*Committed to Our Customer's Success*

October 21, 1999

Ian Atlas
Atlas Pearlman Trop & Borkson, P.A.
New River Center
Suite 1900
200 East Las Olas Blvd.
Ft. Lauderdale, FL 33301

Re:   Statutory demand to inspect the books and records of Network Staffing Services, Inc. (the "Company")

Dear Mr. Atlas:

We have received your letter dated October 7, 1999, concerning the demand by Mrs. Estelle Blumberg to inspect the books and records of the Company. We note that Mrs. Blumberg is not a shareholder of record of the Company. However, in the interests of maintaining an amicable dialog between the Company and your client, we recognize that Mrs Blumberg controls an entity by the name of Statsan Marketing, Inc. ("Statsan"), which maintains that it is a shareholder of the company. Unfortunately, Company records do not reflect that Statsan paid any legal consideration for its stock. Please provide to us evidence of Statsan's payment of consideration for common stock of the Company.

Once we have been satisfied that Statsan is indeed a shareholder of the Company, the Company will make available to any agent, accountant or attorney of Statsan, at any reasonable time, the Company's relevant books and records of account, minutes and share transfer records, in accordance with Section 2.44 of the Texas Business Corporation Act.

Please feel free to call me if you would like to discuss these matters further.

Sincerely,

Deborah V. Logal
Corporate Secretary

cc:   Ted Daniel, Esq.

Via: facsimile 954-766-7800
Also: certified - "return receipt requested" US Postal Service

EXHIBIT A

DALLAS • FLORIDA • COLORADO • GEORGIA

**NETWORK STAFFING SERVICES, INC.**
*Committed to Our Customer's Success*

November 9, 1999

Jan Atlas
Atlas Pearlman Trop & Borkson, P.A.
New River Center
Suite 1900
200 East Las Olas Blvd.
Ft. Lauderdale, FL 33301

Re: Network Staffing Services, Inc. (the "Company")

Dear Mr. Atlas:

We have received your letter dated November 5, 1999, with respect to the demand by Statsan Marketing, Inc. ("Statsan") to review the Company's books and records of account, minutes and stock transfer records (collectively, the "Records"). As you know, we take issue with your opinion that "Statsan is under no obligation to provide any proof of consideration when it has been issued a stock certificate by the Company." In the absence of valid consideration, the shares are void and Statsan has no right to review the Records. It is also our understanding that Statsan is not even a Florida corporation. Subject to the Company's rights with respect to the issue of whether or not Statsan is indeed a shareholder of the Company, the Company hereby makes the Records available to Statsan. Please give us reasonable notice of when you and your client would like to review such documentation so that it can be set aside for your review.

I look forward to hearing from you.

Sincerely,

Deborah V. Logal
Corporate Secretary

ML/sd

cc: Ted Daniel, Esq.

Dallas 557487 v 1, 44164-00001

EXHIBIT B

DALLAS • FLORIDA • COLORADO • GEORGIA



**NETWORK STAFFING SERVICES, INC.**

*Committed to Our Customer's Success*

Richard Blumberg
3020 N. Atlantic Blvd
Ft. Lauderdale, Florida 33308

Re:   Network Staffing Services, Inc (the "Company")

Dear Richard:

Thank you for your letter to the Company dated as of November 22, 1999. First let me reiterate our position that while we do not necessarily agree with the contention that Statsan Marketing, Inc. is a shareholder of Company, in the interest of maintaining a dialogue between the Company and you and Estelle Blumberg, the Company agrees to make its books and records of account, minutes and stock transfer records (the "Records") available for inspection. Unfortunately, neither December 8, 1999 nor December 9, 1999 are available dates given the time of year and certain previously-made commitments. However, we will be able to make the Records available to you for your inspection on December 14-15, 1999 and January 5, 2000.

With respect to your specific document production requests, the Company will only be providing to you for review the Company's Records. As contracts are not "books and records of account," the Company will not be producing same. Furthermore, if even such contracts were "books and records and account," you have not indicated any proper purpose for such review.

Please feel free to call either Michael or me prior to your arrival so that we may set aside the appropriate documentation. As you mentioned in your letter, we look forward to meeting with you when you are in Dallas.

If you have any further questions or comments, please feel free to call me at your convenience.

Sincerely,

Deborah V. Logal
Corporate Secretary

cc:   Ted Daniel, Esq

Dallas 560405 v 1, 44164 00001

DALLAS • FLORIDA • COLORADO • GEORGIA

TOTAL P.01



EXHIBIT C