UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

    Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

    Defendant.
_____

Civil Action No.: C 6190 CIV

DISPOSITIVE MOTION

NON-COMPLIANCE OF S.D. Fla. L.R. 5.1(A)(1)

### NOTICE OF FILING

COMES NOW Defendant, NETWORK STAFFING SERVICES, INC., by and through its undersigned attorney, and hereby gives notice of filing with the Clerk of the above-styled Court, the following:

### DECLARATION OF BRIAN EMSLIE

This is being filed in conjunction with the motion filed herein, for upcoming hearings or for such other purpose as authorized by law and the Federal Rules of Civil Procedure.

_____
ALEXANDER S. DOUGLAS II, ESQ.
Florida Bar No.: 817422
DAVID J. KOHS, ESQ.
Florida Bar No.: 705543
POHL & SHORT, P.A.
280 West Canton Avenue, Suite 410
Winter Park, Florida 32789
Phone: (407) 647-7645
Fax: (407) 647-2314
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent, via U.S. Mail, to: **Jan Douglas Atlas, Esq.**, and **Samantha N. Tesser, Esq.**, Atlas, Pearlman, Trop & Dorkson, New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, FL 33301; this 13rd day of March, 2000.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ALEXANDER S. DOUGLAS II, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

    Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

    Defendant.

_____

## DECLARATION OF BRIAN EMSLIE

I, Brian Emslie, make the following declaration:

1. I am Comptroller of Network Staffing Services, Inc., a Texas corporation engaged nationally in the provision of staffing services and Defendant in the above-styled matter. I have personal knowledge of the matters set forth herein. This affidavit is submitted in support of removal, dismissal and/or abatement of the above-styled action, and for any other purposes as may be appropriate or permissible.

2. By their Motion for Remand filed in the above referenced matter, Plaintiffs maintain that the value of their alleged stock ownership in Network Staffing Services, Inc., may not exceed this Court's jurisdictional threshold of $75,000.00. Such assertion is patently false. Using any reasonable valuation method, the pecuniary value to Plaintiffs of their alleged stock ownership in Network Staffing Services, Inc., is considerably in excess of the $75,000.00 jurisdictional threshold.

3.     By their Complaint in this matter, Plaintiffs assert ownership of 300 shares of Network Staffing Services, Inc., and seek a declaration of such alleged interest. (See paragraph 6 and Count II of Plaintiffs' Complaint). This would constitute 300 of the 1,198 total issued shares of Network Staffing Services, Inc., or 25.04% of such total outstanding shares.

4.     According to the company's unaudited, financial statement for the year ended December 31, 1999, Network Staffing Services, Inc. realized revenues totaling $13,582,251 and net income of $344,513. The aforesaid financial statement of Network Staffing Services, Inc., is generally accurate and substantially reflects actual revenues and net income of the company for the period stated.

5.     A commonly used and generally accepted method of valuing businesses engaged in the provision of staffing services is to take the company's annual revenues, and multiply such figure by an appropriate multiple of revenue factor. As is reflected by the attached data chart from the IT Services Business Summit conducted February 21-23, 2000 in Miami, Florida, revenue multipliers applicable to staffing deals completed since 1998 have historically ranged from a low of roughly .5 to a high of roughly 4.0.

6.     Applying the foregoing valuation analysis to Network Staffing Services, Inc., to the company's $13,582,251 in revenues and applying a very modest modifier of .25, the total issued shares of Network Staffing Services, Inc., have an approximate value of $3,395,562. Thus, and under this approach, Plaintiffs' alleged 25.04% ownership of the total outstanding shares of Network Staffing Services, Inc., has a pecuniary value to Plaintiffs of $850,249. Accordingly, and even applying a reasonable minority shareholder discount to the same, the pecuniary value to Plaintiffs of their alleged stock interest in Network Staffing Services, Inc., is considerably in excess of the $75,000.00 jurisdictional threshold.

7.     Another commonly used and generally accepted method of valuing businesses engaged in the provision of staffing services is to take the company's annual net income, add back depreciation, amortization and interest expense, and multiply such figure by an appropriate multiplier.  Under this approach, accepted multipliers commonly used in valuing businesses engaged in the provision of staffing services range from a low of 2 to a high of 7.

8.     Applying the foregoing valuation analysis to Network Staffing Services, Inc., given the company's 1999 annual net income of $344,513; depreciation of $23,944; amortization of $7,701; and interest expense of $478,738; and applying a very modest modifier of 2, the total issued shares of Network Staffing Services, Inc., have an approximate value of $1,709,792.  Thus, and even under this quite modest approach, Plaintiffs' alleged 25.04% ownership of the total issued shares of Network Staffing Services, Inc., have a pecuniary value to Plaintiffs of  $428,132.  Again, and even applying a reasonable minority shareholder discount to the same, the pecuniary value to Plaintiff of their alleged stock interest in Network Staffing Services, Inc., is considerably in excess of the $75,000.00 jurisdictional threshold.

9.     Furthermore, and with regard to the issue of valuation, the books and records of Network Staffing Services, Inc., reflect that on August 11, 1999, Michael Logal, a principal shareholder of Network Staffing Services, Inc., contracted with Peotr J. Zapendowski to purchase Zapendowski's 200 shares of the company for an amount not less than $700,000.00.  Using this transaction as a baseline, the pecuniary value to Plaintiffs of their alleged 300 share stock interest in Network Staffing Services, Inc. is again considerably in excess of the $75,000.00 jurisdictional threshold.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is within my personal knowledge true and correct.

3/8/00
Date

Brian Emslie

BEFORE ME, the undersigned Notary Public, on this day personally appeared Brian Emslie, who, being by me duly sworn, upon his oath stated that he is over the age of twenty-one (21) years, that he is the Comptroller of Network Staffing Services, Inc. and that the factual statements made herein are true and correct within his personal knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME on the 8th day of March, 2000, to certify which witness my hand and seal of office.


CATALINA SIMMS
NOTARY PUBLIC
State of Texas
Comm. Exp. 01-11-2003

NOTARY PUBLIC, STATE OF TEXAS

