UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

    Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

    Defendant.
_____/

NON-COMPLIANCE OF S.D. Fla. L.R. 5.1(A)(1)

## AMENDED NOTICE OF REMOVAL

Defendant, NETWORK STAFFING SERVICES, INC., ("NETWORK"), by and through its undersigned counsel, hereby files and serves this Amended Notice of Removal in support of removal of the above-entitled action be removed from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332 and 1141 et. seq., and in support thereof would respectfully show:

    1.    Copies of Plaintiffs' Summons and Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99022204, are attached as Exhibits "A" and "B" to the Defendant's initial Notice of Removal dated February 1, 2000.

    2.    The Complaint is the only pleading that has been filed in the state court. The Plaintiffs did, by Notice of Hearing dated February 2, 2000, previously notice in the state

court a hearing for specific relief pursuant to Section 607.1404, Florida Statutes, but since said notice was signed following service of the Defendant's Notice of Removal, Plaintiffs thereafter cancelled such hearing. A true copy of Plaintiffs' Notice of Hearing dated February 2, 2000 is attached as Exhibit "B" to Plaintiffs' Motion for Remand dated March 3, 2000. The state court has otherwise scheduled no hearings or other proceedings.

3. Defendant has been served. Defendant contests the existence of personal jurisdiction and venue, and this removal request is made without prejudice to those defenses which will be asserted by way of motion to dismiss.

4. Defendant was served on January 13, 2000. This Notice of Removal is therefore filed within the 30 days set forth in 28 U.S.C. §1446(b).

5. The Plaintiffs' Complaint correctly asserts that Plaintiffs are residents of the State of Florida. (See paragraphs 3 and 5 of Plaintiff's Complaint). Plaintiffs are additionally citizens of the State of Florida.

6. Defendant is a Texas corporation having its principal place of business in the State of Texas. (See Declaration of Michael P. Logal filed herein). Accordingly, Defendant is citizen of Texas, and diversity of this action exists for purposes of 28 U.S.C. §1332.

7. The amount in controversy in the subject action exceeds the sum of $75,000.00, exclusive of interest and costs. Specifically, and with respect to the amount in controversy, the stock which is at issue has a value substantially in excess of $75,000.00. (See Declaration of Brian Emslie submitted herewith; Declaration of Theodore W. Daniel filed herein, and paragraph 3 of Plaintiffs' Original Complaint attached as Exhibit "A" thereto).

WHEREFORE, Defendant petitions the Court to proceed with this action properly removed to this court.

_____
ALEXANDER S. DOUGLAS II, ESQ.
Florida Bar No.: 817422
DAVID J. KOHS, ESQ.
Florida Bar No.: 705543
POHL & SHORT, P.A.
280 West Canton Avenue, Suite 410
Winter Park, Florida 32789
Phone: (407) 647-7645
Fax: (407) 647-2314
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent, via U.S. Mail, to: **Jan Douglas Atlas, Esq.**, and **Samantha N. Tesser, Esq.**, Atlas, Pearlman, Trop & Dorkson, New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, FL 33301; this ____ day of March, 2000.

_____
ALEXANDER S. DOUGLAS II, ESQ.