UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6190-CIV-ZLOCH

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

    Plaintiffs,

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

    Defendant.
_____/

NON-COMPLIANCE OF S.D. fla. L.R. 5.1(A)(1)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

Defendant, NETWORK STAFFING SERVICES, INC., ("NETWORK"), by and through its undersigned counsel and in accordance with Local Rule 7.1(C), respectfully submits this memorandum in opposition to the Plaintiffs' Motion for Remand dated March 3, 2000, and in response to said motion would show:

### I. FACTUAL BACKGROUND

By their Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "Florida action"), Plaintiffs, RICHARD BLUMBERG and ESTELLE BLUMBERG, and STASAN MARKETING, INC. ("STASAN"), a Florida corporation, allege ownership of 300 shares of Network Staffing Services, Inc., and seek a declaration of such alleged shareholder interest. (See paragraph 6 and Count II of Plaintiffs'

Complaint, attached as Exhibit "B" to Defendant's Notice of Removal dated February 1, 2000). This alleged stock interest, if established, would constitute 300 of the 1,198 total issued shares of Network Staffing Services, Inc., or 25.04% of the company's total outstanding shares. (See Declaration of Brian Emslie submitted herewith). By their Complaint, Plaintiffs also seek inspection of NETWORK's corporate books and records. (See Count I of Plaintiff's Complaint). Defendant NETWORK has timely removed the Plaintiffs' action to this Court. (See Notice of Removal dated February 1, 2000). Defendant has also now filed an Amended Notice of Removal. (See Amended Notice of Removal submitted herewith).

Defendant has removed this action to this Court on the basis of diversity jurisdiction. (See Notice of Removal and Amended Notice of Removal). In support of such diversity jurisdiction, Defendant has alleged that the amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs. Specifically, and with respect to the amount in controversy, Defendant has alleged that the stock which is at issue in this matter has a value substantially in excess of $75,000.00. (See paragraph of Notice of Removal, accompanying Declaration of Theodore W. Daniel and paragraph 3 of Plaintiffs' original Complaint attached as Exhibit "A" thereto).

By their subject motion dated March 3, 1990, Plaintiffs move this Court to remand the subject case back to the state court in which it was initially filed. (See Plaintiffs' Motion for Remand). Plaintiffs firstly allege that the Defendant has, by its Notice of Removal, insufficiently alleged Plaintiffs to be citizens of the State of Florida. (Plaintiffs' Motion for Remand, pages 3-4). Plaintiffs secondly allege that the $75,000.00 jurisdictional threshold is not satisfied in the instant case. (Plaintiffs' Motion for Remand, pages 4-6). Plaintiffs lastly

allege that they are entitled to an award of attorneys' fees and costs attributable to Defendants removal of this case to this Court. (Plaintiffs' Motion for Remand, pages 7-9).

## II. REPLY ARGUMENT: THIS COURT HAS JURISDICTION OVER THIS MATTER, SO THAT THE ACTION SHOULD NOT BE REMANDED

### A. DEFENDANT HAS NOW PROPERLY PLEAD THAT PLAINTIFFS ARE CITIZENS OF THE STATE OF FLORIDA

Plaintiffs correctly observe that an allegation of "residency" has been held to not satisfy the requirement of an allegation of "citizenship" for purposes of diversity jurisdiction. (See Plaintiffs' Motion for Remand, pages 3-4, citing Strain v. Harrelson Rubber Company, 742 F.2d 888 (5th Cir. 1984). However, and pursuant to authority including Strain, defective allegations of jurisdiction may be freely amended, and such amendment may occur at any time, even after judgment has been entered or an appeal taken. Strain, supra, 742 F.2d at 889.

Defendant did, by its Notice of Removal dated February 1, 2000, allege that Plaintiffs are "residents" of the State of Florida. (See Notice of Removal, paragraph 5). Such assertion was based upon identical allegations contained in the Plaintiffs' pleadings. (See Plaintiffs' Complaint, paragraphs 2 and 3). However, and by its Amended Notice of Removal submitted herewith, Defendant has now correctly and additionally plead that Plaintiffs are "citizens" of the State of Florida. (See Amended Notice of Removal, paragraph 5). See, e.g., Strain, supra, 742 F.2d at 889.

Plaintiffs have merely raised in this regard an alleged technical pleading deficiency. Indeed, neither the Affidavits of Estelle or Richard Blumberg submitted in support of Plaintiffs' Motion for Remand affirmatively deny that Plaintiffs are citizens of the State of Florida. (See Affidavit of Estelle Blumberg and Affidavit of Richard Blumberg, Exhibits "C"

and "D" to Plaintiffs' Motion for Remand). Moreover, and in the related and prior filed action now pending in the United States District Court for the Northern District of Texas (the "Texas action"), Plaintiffs have affirmatively admitted that both STASAN and ESTELLE BLUMBERG are citizens of the State of Florida. (See pages 9 and 13 of Defendant's Brief in Support of Motion to Dismiss Texas action, a true copy of which is attached as Exhibit "A" hereto). Since NETWORK has additionally and correctly alleged that all Plaintiffs are citizens of the State of Florida, and that NETWORK is a citizen of the State of Texas, diversity jurisdiction in this matter clearly exists, and Plaintiffs' Motion for Remand should be denied as to such ground. See, e.g., Strain, supra.

### B. THIS COURT'S $75,000.00 JURISDICTIONAL THRESHOLD IS ADDITIONALLY SATISFIED

In an action seeking declaratory or injunctive relief, the amount in controversy for jurisdiction purposes is measured by the value of the object of the litigation. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977). See also Occidental Chemical Corporation v. Bullard, 995 F.2d 1046, 1047-48 (11th Cir. 1993) (in declaratory action over title to land, value of property, rather than claim of contending parties, fixes amount in controversy for federal diversity jurisdiction purposes).

Moreover, in order to properly dismiss a diversity action for want of jurisdictional amount, it must appear to a legal certainty that the claim is really for less than the requisite jurisdictional minimum. Santiesteban v. Goodyear Tire & Rubber Company, 306 F.2d 9, 12 (5th Cir. 1962) (emphasis added). While a trial court has discretion in determining whether an action satisfies a jurisdictional threshold, the applicable standard clearly favors those parties who are seeking to invoke the jurisdiction of the federal court. Lee v. Kisen, 475 F.2d 1251,

1253 (5th Cir. 1973). Indeed, the amount stated by a pleading is itself dispositive of jurisdiction, unless it appears or is in some way shown that the amount stated is not claimed in good faith. Dassinger v. South Central Bell Telephone Company, 505 F.2d 672, 673 (5th Cir. 1974). For these purposes, good faith is deemed to be lacking only when it appears to a legal certainty that the claim was really for less than the jurisdictional amount. Id. at 673.

Here, and in addition to seeking inspection of Defendant's corporate books and records (Count I of Plaintiffs' Complaint), Plaintiffs claim ownership of 300 shares of NETWORK. (See paragraph 6 of Plaintiffs' Complaint). Plaintiffs moreover acknowledge that "there is bonafide dispute between the Plaintiffs and [NETWORK] as [NETWORK] claims that the Plaintiffs are not shareholders . . . of [NETWORK]." (See paragraph 30 of Plaintiffs' Complaint). Accordingly, and by Count II of their Complaint, Plaintiffs seek a declaration of this alleged shareholder interest. This stock interest, if established, would constitute 300 of the 1,198 total issued shares of Network Staffing Services, Inc., or 25.04% of the company's total outstanding shares. (See Declaration of Brian Emslie submitted herewith).

By its initially filed Notice of Removal, Defendant properly alleged that the amount in controversy in this action, specifically the stock which is at issue, has a value substantially in excess of $75,000.00. (See Notice of Removal, paragraph 7). Plaintiffs, citing Ericsson GE Mobile Communications, Inc., 120 F.3d 216, 218 (11th Cir. 1997), concede that, in declaratory relief actions, "[i]t is well established that the amount in controversy is measured by the value of the object of the litigation". (See Plaintiffs' Motion for Remand, page 4). Plaintiffs also concede, arguendo, that "the value of the 300 shares of stock in [NETWORK] is the object of this litigation". (See Plaintiffs' Motion for Remand, page 5).

By his Declaration submitted herewith, Brian Emslie, Comptroller of Defendant NETWORK, applies three separate commonly used and generally accepted methods of valuing Plaintiffs alleged 300 shares of NETWORK stock. (See Declaration of Brian Emslie). Two of these methods are based, respectively, upon NETWORK's most recently realized annual revenues and net income. The third valuation is a comparison based upon a recent and actual contract for purchase of 200 shares of NETWORK stock. All three of these valuation methods yield values for the subject 300 shares considerably in excess of this Court's $75,000.00 jurisdictional threshold. (See Declaration of Brian Emslie).

In contrast, and although disputing this Court's jurisdiction over the subject matter, Plaintiffs do not affirmatively deny that the monetary value of the subject and disputed 300 shares of stock is greater than $75,000.00. (See Affidavit of Estelle Blumberg and Affidavit of Richard Blumberg, Exhibits "C" and "D" to Plaintiffs' Motion for Remand). Instead, and by their Motion for Remand, Plaintiffs appear to merely speculate that the value of these shares might be less than this Court's jurisdictional threshold. (See Plaintiffs' Motion for Remand, page 6). Such conjecture falls well short of warranting dismissal of remand of a diversity action for failure to meet the jurisdictional threshold. See, e.g., Santiesteban v. Goodyear, Lee v. Kisen and Dassinger v. South Central Bell, supra.

Specifically, Plaintiffs assert that because NETWORK has denied that the Plaintiffs' own valid stock and have refused to produce corporate documents, the subject stock should somehow be viewed as worthless or of inconsequential value. (See Plaintiffs' Motion for Remand, page 6). This argument is without merit. In a suit concerning title to disputed property, "it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy

for purposes of jurisdiction." Occidental Chemical v. Bullard, supra, 995 F.2d at 1048 (quoting Peterson v. Sucro, 93 F.2d 878, 882 (4th Cir. 1938).

Plaintiffs, citing Ericsson GE Mobile, supra, and Massachusetts State Pharm. Ass'n v. Federal Prescription Serv., Inc., 431 F.2d 130 (8th Cir. 1970), correctly observe that the "plaintiff-viewpoint" rule should guide a court's determination of the amount in controversy. (See Plaintiffs' Motion for Remand, page 4). However, Plaintiffs appear to attempt to twist the "plaintiff-viewpoint" rule to mean that if a plaintiff has no viewpoint as to the value of an object of litigation, then its value cannot meet the jurisdictional threshold. Ericsson GE Mobile, while applying the "plaintiff-viewpoint" rule, makes abundantly clear that, in an action for declaratory or injunctive relief, the amount in controversy is still "measured by the value of the object in litigation." Id. at 218. Massachusetts v. Federal Prescription, while similarly applying the "plaintiff-viewpoint" rule, similarly defines the amount in controversy to be "the value of the suit's intended benefit to the plaintiff." Id. at 132.

Here, the undeniable potential benefit to the Plaintiffs is the value of the disputed shares of stock. These shares comprise 25.04% of the outstanding stock of NETWORK, a company which realized 1999 revenues in an amount of $13,582,251. (See Declaration of Brian Emslie). Clearly, a one-quarter ownership interest in NETWORK is worth substantially in excess of this Court's $75,000.00 jurisdictional threshold. Perhaps for this reason, Defendants have not affirmatively stated otherwise. (See Affidavit of Estelle Blumberg and Affidavit of Richard Blumberg, Exhibits "C" and "D" to Plaintiffs' Motion for Remand). Even if this stock might be capable of differing valuations, this does not present grounds for finding this Court's

jurisdictional threshold has not been met. See, e.g., Santiesteban v. Goodyear, Lee v. Kisen and Dassinger v. South Central Bell, supra.

The subject matter of the instant suit, i.e. disputed stock, is not at all as in the Plaintiffs' cited case of Walpert v. Walpert, 329 F.Supp. 25 (D. New Jersey 1971). (See Plaintiffs' Motion for Remand, page 5). In Walbert, the plaintiff sought a declaration of her marital status. Id. at 26. The court found that the value of being married versus not married is incapable of being reduced to a pecuniary standard of value. Id. at 26-7. Rather, the instant case is considerably more similar to Occidental Chemical v. Bullard, supra, 995 F.2d 1046, which is also a declaratory action involving title to disputed property, and in which the perceived value of the disputed property was viewed to fix the amount in controversy for federal diversity jurisdiction purposes. Id. at 1047-48. Inasmuch as the diversity of the parties has now been properly plead, and this Court's jurisdictional threshold is clearly satisfied, this Court must deny the Plaintiffs' Motion for Remand.

### C. THIS COURT SHOULD DENY THE PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiffs correctly observe that pursuant to 28 U.S.C. § 1447(c): "An Order Remanding [a] case may require payment of just costs and any actual expenses, including attorneys' fees..." (Plaintiffs' Motion for Remand, page 7) (emphasis added). Plaintiffs also cite various case law authority stating that an award of fees pursuant to §1447(c) does not require a finding of bad faith. (Plaintiffs' Motion for Remand, pages 7-8). However, and under both this statute and Plaintiffs' cited case law authority, including Katonah v. US Air, Inc., 876 F.Supp. 984 (N.D. Illinois 1995), any award of fees or costs pursuant to remand is completely within a court's discretion. Katonah, 876 F.Supp. at 990. The propriety of a

defendant's removal is a critical element in determining whether to exercise this discretion. Id. Furthermore, imposition of costs or fees is not appropriate where the issues involved may be complex. Id.

For the reasons previously set forth in this memorandum, Defendants' removal of the subject action to this Court is entirely proper. Indeed, the arguments set forth by Plaintiffs' Motion for Remand border on spurious. Clearly, this Court should deny the Plaintiffs' subject Motion for Remand. In the event it would not, and based upon the foregoing authority, an award of attorneys' fees and costs against the Defendant would still not be justified.

### D. CONCLUSION

Inasmuch as the diversity of the parties has now been properly plead, and this Court's jurisdictional threshold is clearly satisfied, this Court must deny the Plaintiffs' Motion for Remand. This Court must also deny the Plaintiffs' request for an award of attorneys' fees and costs.

ALEXANDER S. DOUGLAS II, ESQ.
Florida Bar No.: 817422
DAVID J. KOHS, ESQ.
Florida Bar No.: 705543
POHL & SHORT, P.A.
280 West Canton Avenue, Suite 410
Winter Park, Florida 32789
Phone: (407) 647-7645
Fax: (407) 647-2314
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent, via U.S. Mail, to: **Jan Douglas Atlas, Esq.**, and **Samantha N. Tesser, Esq.**, Atlas, Pearlman, Trop & Dorkson, New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, FL 33301; this 13th day of March, 2000.

                                                               _____
                                                                 ALEXANDER S. DOUGLAS II, ESQ.

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE