COPIES NOT PROVIDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STASAN MARKETING, INC.,
a Florida corporation, RICHARD
BLUMBERG and ESTELLE
BLUMBERG,

    Plaintiffs,  Civil Action No.: 00-6190-CIV-ZLOCH

vs.

NETWORK STAFFING SERVICES, INC.,
a Texas corporation,

    Defendant.
_____/

### DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR TO DISMISS, ABATE OR TRANSFER ACTION DUE TO PRIOR FILED ACTION AND/OR VENUE CONCERNS

Defendant, NETWORK STAFFING SERVICES, INC., ("NETWORK"), by and through its undersigned counsel and pursuant to Local Rule 7.1(C), hereby serves this memorandum in reply to Plaintiffs' Memorandum of Law in Opposition to Defendant Network Staffing Services, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or to Dismiss, Abate or Transfer Action Due to Prior Filed Action and/or Venue Concerns dated March 6, 2000, which memorandum was not received by Defendant's counsel until March 14, 2000:

    I.    **RESTATEMENT OF FACTS RELEVANT TO THIS REPLY**

By their Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "Florida action"), Plaintiffs, RICHARD BLUMBERG and ESTELLE BLUMBERG, and STASAN MARKETING, INC. ("STASAN"), a Florida



corporation and alleged shareholder of NETWORK, have sued NETWORK for relief including a declaration of STASAN's alleged status as shareholder of NETWORK, and for inspection of NETWORK's corporate books and records pursuant to Florida Statutes 607.1601-607.1604. (See Counts I and II of Plaintiff's Complaint, attached as Exhibit "B" to Defendant's Notice of Removal filed herein). Defendant NETWORK has timely removed the Plaintiffs' action to this Court, and has sought dismissal, abatement or transfer of the same due to lack of personal jurisdiction ever the Defendant, the circumstance of a prior filed Texas action and/or venue concerns. (See Notice of Removal, Amended Notice of Removal, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or to Dismiss, Abate or Transfer Action Due to Prior Filed Action and/or Venue Concerns and Defendant's supporting Memorandum filed herein).

Previously, on December 10, 1999, Michael P. Logal and Debra V. Logal, officers, directors and shareholders of NETWORK, filed an action against Statsan Marketing, Inc., in the United States District Court for the Northern District of Texas, Dallas Division (the "Texas action"), involving the same subject matter as Plaintiffs' later filed Florida action. (See Declaration of Theodore W. Daniel filed herein, including Plaintiffs' Original Complaint attached as Exhibit "A" thereto). Plaintiffs moreover filed and served the subject Florida action only after having been advised of the commencement of the Texas action, being provided a copy of the filed Original Complaint, and asked to accept service of process of that suit. (Declaration of Theodore W. Daniel, including Exhibits "B", "C", and "D" thereto).

## II. ARGUMENT: THE COURT LACKS PERSONAL JURISDICTION OVER NETWORK

Plaintiffs are citizens of the State of Florida, while Defendant NETWORK is a citizen of the State of Texas. (See Notice of Removal and Amended Notice of Removal). Specifically, NETWORK is a Texas corporation engaged in the provision of staffing services. (See Declaration of Michael P. Logal filed herein). An assertion of jurisdiction over a non-resident by Florida courts may be based on either general jurisdiction (based on the defendant's regular and systematic contacts with the forum) or specific jurisdiction (arising out of the transaction or occurrence that gives rise to the action). Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984). Notwithstanding the points raised by their opposing Memorandum of Law, Plaintiffs have alleged no facts that would establish either specific or general jurisdiction over NETWORK.

### 1. There Is No Specific Jurisdiction

At pages 5-6 of their opposing Memorandum of Law, Plaintiffs assert that their Complaint alleges facts sufficient to establish specific jurisdiction over NETWORK. In this regard, Plaintiffs cite Florida Statute 48.193(1)(a)-(b), which provides in relevant part that a defendant who "operates, conducts, engages in, or carries on a business or business venture in [Florida] or having an office or agency in [Florida] or commits a tortious act within [Florida] submits himself to the jurisdiction of Florida for any cause of action that arises therefrom."[1] (see Plaintiffs' opposing Memorandum of Law, page 5) (emphasis added).

---

[1] Florida's long-arm statute, Fla. Stat. §48.193(1)(a)-(b), provides, specifically:

> (1)　　Any person, whether or not a resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby subjects himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

By its Complaint in this matter, Plaintiffs' alleged for jurisdictional purposes that NETWORK "is authorized to do business in Florida with its registered agent located in Fort Lauderdale, Broward County, Florida." (See Plaintiffs' Complaint, paragraph 5). These limited jurisdictional allegations have been affirmatively disproved by the Defendant. Specifically, NETWORK's principal offices are located in Dallas, Texas, and its only other offices are in Virginia and Colorado. (See Declaration of Michael P. Logal filed herein). NETWORK does not maintain and office or do business within the State of Florida. (Declaration of Michael P. Logal). While NETWORK did previously have one Florida office, located in Ft. Lauderdale, that office was closed completely as of December, 1998. (Declaration of Michael P. Logal). Since December of 1998, NETWORK has conducted no business within the State of Florida. (Declaration of Michael P. Logal).[2] NETWORK similarly has no registered agent within the State of Florida.[3] Inasmuch as the only jurisdictional allegations contained by Plaintiffs' Complaint have been affirmatively disproved, this Court cannot assert personal jurisdiction over NETWORK. See, e.g., Venetian Salami

---

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.

[2]Plaintiffs have, at best, established that NETWORK has used outdated corporate letterhead in its communications with Plaintiffs. (See Plaintiffs' opposing Memorandum of Law, pages 5-6). Plaintiff, however, cites no case law authority suggesting that this circumstance alone could justify assertion of personal jurisdiction over a defendant. Moreover, the very correspondence cited by Plaintiffs clearly establishes that all of Plaintiffs' relevant communications with NETWORK were directed to and initiated from NETWORK's corporate headquarters in Dallas, Texas. (See correspondence exhibits to Plaintiffs' Complaint).

[3]In light of the foregoing discontinuation of business activities, NETWORK made no effort following December of 1998 to renew its certificate of authority to do business within the State of Florida. (Declaration of Michael P. Logal). Accordingly, NETWORK's authority to conduct business within the State of Florida was revoked by the Florida Division of Corporations on September 24, 1999. (Declaration of Michael P. Logal, including record of Florida Division of Corporations attached as Exhibit "A" thereto). Plaintiffs did not first request inspection of NETWORK's corporate books and records until October 7, 1999, pursuant to Texas authority, and on December 9, 1999, pursuant to Florida Statutes 607.1601-607.1603. (See paragraphs 7 and 15 of Plaintiff's Complaint; Declaration of Michael P. Logal).

Co. v. Parthenais, 554 So.2d 499, 502 (1989); Madara v. Hall, 916 F.2d 1510 (11th Cir. 1990).

Although such allegations are not contained by their Complaint, Plaintiffs' state, on mere "information and belief", that NETWORK "currently has ongoing business with at least two Florida companies." (See Affidavits of Richard Blumberg and Estelle Blumberg, paragraphs 8 and 11 thereof, respectively). Even if this Court were to consider this a proper jurisdictional allegation, the Plaintiffs ignore a fundamental limitation of specific jurisdiction pursuant to Florida Statute 48.193(1)(a)-(b), that being that such jurisdiction attaches, if at all, only as to causes of action which "arise from" alleged forum state activities.[4] While Plaintiffs' Complaint is also silent as to such matters, neither do Plaintiffs' Affidavits attempt to set forth how either of their alleged causes of action might "arise from" NETWORK's alleged ongoing business with other Florida companies. (See Affidavits of Richard Blumberg and Estelle Blumberg). This would be a minimal requirement for assertion of specific jurisdiction over NETWORK. See, e.g., Unterman v. Brown, 169 So.2d 522, 524 (Fla.. 2d DCA 1964) (where complaint did not show how present suit had arisen out of alleged ownership of Florida business, such business was irrelevant to claim of jurisdiction); Graphic Controls Corporation v. Utah Medical Products, Inc., 149 F.3d 1382 (2d.Cir. 1998) (establishing that plaintiff's cause of action arose out of nonresident's business activities in state required showing of a substantial nexus between the cause of action and defendant's contacts with state).

Equally unavailing is Plaintiffs' attempted reliance upon the circumstance that the subject request for inspection of corporate books and records of NETWORK was initiated by

---

[4] See footnote 1, supra, and accompanying text.

Plaintiffs from Fort Lauderdale, Florida. (See Plaintiffs' opposing Memorandum of Law, page 6). It is undisputed that NETWORK has no corporate books or records within the State of Florida. (See Declaration of Michael P. Logal filed herein). To the contrary, all corporate books and records sought in the Plaintiffs' Florida action are located in the State of Texas. (Declaration of Michael P. Logal).

Florida Statutes 607.1601-607.1604, which are alleged by Plaintiffs to entitle them to inspect corporate books and records, are not even applicable to NETWORK, inasmuch as NETWORK is neither authorized nor required to be authorized to do business in within the State of Florida. See, e.g., Morley v. Slider, 549 So.2d 242 (Fla. 4th DCA 1989) (corporate records complaint against foreign corporation must allege that corporation is either registered or required to be registered to do business within the State of Florida); Hollander v. Rosen, 555 So.2d 384 (Fla. 3d DCA 1990) (same proposition); Genetti v. Victory Markets, Inc., 362 F.Supp. 124 (M.D.Pa. 1973) (in statutory action for inspection of corporate records, unless books and records of foreign corporation sought to be inspected are located within forum state, court will not take jurisdiction or otherwise regulate or interfere with internal management of foreign corporation).

Even if Florida Statutes 607.1601-607.1604 were applicable to NETWORK, which is expressly denied, NETWORK would be required, at most, to produce books and records for inspection, during regular business hours, at the corporation's principal office in Dallas, Texas. See Florida Statute 607.1602(1). Indeed, Plaintiffs concede that it was their expectation that an examination of NETWORK's corporate documents would occur, if at all, in Texas. (See Plaintiffs' opposing Memorandum of Law, page 3, footnote 8 and accompanying text). Perhaps for this reason, and contrary to the assertions of their opposing Memorandum

6

of Law (see page 6 thereof), Plaintiffs have not even attempted by their Complaint to allege that NETWORK has committed a tort within the State of Florida. See, e.g., Florida Statute 48.193(1)(b) and (f); PK Computers, Inc. v. Independent Travel Agencies of America, Inc., 656 So.2d 254 (Fla. 4th DCA 1995) (complaint failed to state jurisdictional basis where it failed to allege that either contractual or tortious breaches occurred within the state of Florida). Based upon the foregoing authority, and even if Plaintiffs had so attempted, they would have been unable to properly allege the occurrence of a tort within the State of Florida.

### 2. There Is No General Jurisdiction

Florida courts will exercise general jurisdiction under Fla. Stat. §48.193(2) only over a defendant whose contacts with the state can be characterized as "continuous and systematic," Rafal v. Mesick, 661 So.2d 79, 81 (Fla. 2d DCA 1995), or "substantial and not isolated." Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087, 1089 (Fla. Dist. Ct. App.), review denied without op., 531 So.2d 167 (Fla. 1988).[5] See also Helicopteros Nacionales, supra, 466 U.S. 408. By its Complaint in this matter, Plaintiffs alleged for jurisdictional purposes that NETWORK "is authorized to do business in Florida with its registered agent located in Fort Lauderdale, Broward County, Florida." (See Plaintiffs' Complaint, paragraph 5). As noted, these limited jurisdictional allegations have been affirmatively disproved by the Defendant.

Although such allegations are not contained by their Complaint, Plaintiffs, by Affidavits based on mere "information and belief", belatedly suggest that NETWORK "currently has ongoing business with at least two Florida companies." (See Affidavits of Richard Blumberg

---

[5]Florida's long-arm statute, Fla. Stat. §48.193(2), provides, specifically:

and Estelle Blumberg). Even if this Court were to consider this a proper jurisdictional allegation, Plaintiffs utterly fail to plead or demonstrate how such alleged relationships, involving companies other than the parties to this matter, might constitute the type of "substantial and not isolated" activities necessary to subject a defendant to general jurisdiction. This would be a minimal requirement for assertion of general jurisdiction over NETWORK. See, e.g., Rafal v. Mesick, Ranger v. Cook and Helicopteros Nacionales, supra; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 62 L.Ed. 2d 490 (1980). NETWORK is accordingly not subject to general personal jurisdiction in Florida. Inasmuch as the Plaintiffs' Complaint fails to establish either general or specific jurisdiction over the Defendant, it should be dismissed by this Court.

### III. ARGUMENT: THIS ACTION SHOULD BE DISMISSED, ABATED OR TRANSFERRED DUE TO THE PRIOR FILED ACTION

The Plaintiffs' subject Complaint seeks a declaration of ownership of stock in a Texas corporation, and inspection of NETWORK's corporate books and records, all of which are located in the State of Texas. (See Plaintiffs' Complaint, Declaration of Michael P. Logal filed herein). It is furthermore evident from reading the Complaint therein the subject matter of the prior filed Texas action involves the same subject matter as the Plaintiffs' later filed Florida action. (See Declaration of Theodore W. Daniel, including Plaintiffs' Original Complaint attached as Exhibit "A" thereto). Specifically, each action involves and seeks a declaration of whether or not Statsan Marketing, Inc. is a shareholder of NETWORK. (See Declaration of Theodore W. Daniel). See also, Florida Statute 607.1602(1) (right to inspect and copy

---

(2)   A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

corporate books and records exists only in favor of a shareholder of the corporation). Plaintiffs are correct in observing that they have not yet, in the Texas action, asserted a claim for inspection of NETWORK's corporate books and records. (See Plaintiffs' opposing Memorandum of Law, page 12). However, such claim can certainly be asserted by the Plaintiff in Texas, either by way of separate suit or within the pending proceeding.[6]

Plaintiffs correctly observe that a later filed suit will not <u>always</u> be dismissed or abated in favor of a prior filed matter. (See Plaintiffs' opposing memorandum of law, pages 9-10). Equally true, however, is that except in the <u>most unusual</u> of circumstances, a later filed suit will be dismissed, stayed or transferred in favor of the suit first filed. <u>New England Machinery, Inc. v. Conagra Pet Products Company</u>, 827 F.Supp. 732, 733 (M.D. Fla. 1993); <u>Stack v. Whitney National Bank</u>, 789 F.Supp. 753, 754 (S.D. Miss. 1991). Defendant NETWORK otherwise relies upon its previously cited and substantial authority and argument in favor of dismissal, abatement or transfer of the subject action to the United States District Court for the Northern District of Texas, Dallas Division.

## V. CONCLUSION

Under governing Florida law, there is no personal jurisdiction over Defendant NETWORK. Moreover, there are insufficient contacts between Defendant NETWORK and the State of Florida, whether generally or specifically, for this Court to exercise personal jurisdiction over such corporation. Accordingly, the Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, and pursuant to Fed. R. Civ. P. 13(a) and

---

[6]Plaintiffs have already, in the pending Texas action, asserted that NETWORK is an indispensable party to such matter, and should be joined to such proceeding on such basis. (See Defendant's Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to Join an Indispensable Party and for Lack of

28 U.S.C. §1406(a), this action should be dismissed or abated due to the prior filed action pending in the United States District Court for the Northern District of Texas. Alternatively, venue is improper in the State of Florida, and the action should be dismissed or transferred under the authority of Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a). Alternatively, and only if this Court holds that venue is allowable, this action should be transferred to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1404(a).

Respectfully submitted,

_____
ALEXANDER S. DOUGLAS II, ESQ.
Florida Bar No.: 817422
DAVID J. KOHS, ESQ.
Florida Bar No.: 705543
POHL & SHORT, P.A.
280 West Canton Avenue, Suite 410
Winter Park, Florida 32789
Phone: (407) 647-7645
Fax: (407) 647-2314
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent, via U.S. Mail, to: **Jan Douglas Atlas, Esq. and Samantha N. Tesser, Esq.**, Atlas, Pearlman, Trop & Dorkson, New River Center, Suite 1900, 200 East Las Olas Boulevard, Fort Lauderdale, FL 33301; this ____ day of March, 2000.

_____
ALEXANDER S. DOUGLAS II, ESQ.

---

Personal Jurisdiction, attached as exhibit to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Remand filed herein).